45 So.2d 344 (1950)
In re LAWRENCE's ESTATE.
LAWRENCE
v.
TODD.
Supreme Court of Florida, Special Division B.
April 4, 1950.
John S. Byington, Daytona Beach, and William S. Turnbull, Daytona Beach, for appellant.
William W. Judge and Isham W. Adams, Daytona Beach, for appellee.
TAYLOR, Justice.
During the administration of the estate of Joseph Lawrence, deceased, his widow filed an election to take dower in the estate and filed a petition for the setting aside to her of her dower.
The petition alleged a series of facts which, petitioner contended, showed that at the time of his death Joseph Lawrence owned an equitable title to several lots of improved real estate in Volusia County, the legal title to which was vested in one Joseph Todd, a minor. An assignment of dower in this property was sought.
The record before us does not disclose what type of process or citation was employed to acquire jurisdiction of the person of the minor. However, the parents and the legal guardian of Joseph Todd, answered the petition and asserted in effect that Joseph Todd was the legal and equitable owner of the property.
The County Judge heard evidence and on January 3, 1949 entered an order determining that Joseph Lawrence had been the beneficial owner of the property and that his widow was entitled to dower therein. Commissioners were appointed and made their report and on April 20, 1949 a final order was entered setting aside a part of the land to the widow as dower and adjudging "that the fee simple title to the lands thus assigned * * * is vested in said widow." A writ of possession was issued June 1, 1949, and executed the same day, putting the widow into possession of the property allotted to her as dower.
On July 8, 1949, Joseph Todd by his legal guardian moved the County Judge on numerous grounds to vacate the judgments above mentioned and the writ of possession *345 predicated thereon. The only grounds of this motion important here attack the jurisdiction of the County Judge over the subject matter of the proceedings for assignment of dower. The County Judge denied this motion and on appeal to the Circuit Court of Volusia County this order was reversed. The appeal here is from the judgment of the Circuit Court reversing the judgment of the County Judge.
Since there was no appeal from the judgment of the County Judge determining the right of the widow to dower or the judgment assigning dower, the question before us is limited to a determination of whether or not the County Judge had jurisdiction of the subject matter of the petition for allotment of dower in these particular lands as against the claims of Joseph Todd. As to all other matters the judgment of the County Judge is res adjudicata.
In the original proceedings before the County Judge his jurisdiction was not questioned.
The statute, Sec. 733.12 Fla. Stat. 1941, F.S.A. Sec. 116 Fla.Probate Act, provides: "The county judge in whose court the administration of the decedent's estate is pending shall have plenary jurisdiction to assign dower in all property, real or personal, located in any county in the state. But no such judgment shall become effective in any other county until a duly certified copy thereof has been recorded in such other county in the judgment lien record."
However, this statute must be construed in the light of the applicable provisions of the constitution.
Section 11 of Article V, F.S.A.Const. insofar as pertinent here reads as follows: "The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, * * * and of all actions involving the titles or boundaries of real estate * * *."
Section 17 of Article V, F.S.A.Const. in part, states: "* * * The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate * * *."
The jurisdiction of the County Judge is expressly conferred so long as it relates to "the duties usually pertaining to courts of probate." The allotment of dower, under ordinary conditions, is clearly within this grant of jurisdiction. The statute declares that "The county judge in whose court the administration of the decedent's estate is pending shall have plenary jurisdiction to assign dower in all property, real or personal, located in any county in the state."
As here used the words "all property" must have reference to "decedent's estate." Jurisdiction to assign dower in the decedent's estate contemplates a quasi-administrative power to make a finding, for administrative purposes, of what assets belong to the estate. But the constitution vests in the Circuit Court "exclusive original jurisdiction in all cases in equity * * * and * * * all actions involving the titles or boundaries of real estate."
It clearly follows that when, as here, it is made to appear that third parties bona fides assert title adverse to the estate in real estate claimed by the personal representative or beneficiaries to constitute a part of the estate, resort must be had to the Circuit Court to settle such question of title, if this is necessary to a proper administration of the estate. We do not hold that as between the beneficiaries of an estate, claiming as such, real estate, title to which is in question, may not be dealt with as a part of the estate, and the jurisdiction of the County Judge exercised with respect thereto. But, as between the estate (or beneficiaries) and third persons, the determination of title to real estate can only be made by the Circuit Court.
The quoted portion of Section 733.12 F.S.A. must be construed in connection with Section 733.02 F.S.A. which specifically provides for suits by personal representatives of estates to recover possession of or quiet title to real estate. If the appellant here desired to question the title of appellee to the land here involved, resort *346 should have been had to the Circuit Court under this section.
We hold that the County Judge was without jurisdiction to determine the right of dower of Elizabeth Lawrence in this real estate as against the claim of Joseph Todd that he was the owner in possession of such property. The orders of the County Judge in such proceedings were void, and did not acquire validity by the expiration of the time allowed by law for appeals.
The judgments being void as against, but purporting to bind, Joseph Todd, he properly moved that court to vacate them. Its refusal to do so was error.
Numerous helpful authorities have been cited by counsel but none being directly in point, we do not discuss them in detail.
The judgment of the Circuit Court is affirmed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.