75 So.2d 770 (1954)
Julia BRODGON, Appellant,
v.
Patricia McBRIDE, an Infant, by L. Earl Curry, her duly appointed guardian, Appellee.
Supreme Court of Florida. Division A.
October 12, 1954.
Rehearing Denied November 2, 1954.
Hal H. McCaghren, West Palm Beach, for appellant.
Nathanson, Oka & Spaet, Copeland, Therrel & Baisden, Morton Rothenberg, Miami Beach, and George J. Shamas, Miami, for appellee.
SEBRING, Justice.
Joseph McBride and Mary McBride became husband and wife in 1934. One daughter, Patricia, was born of the marriage. During the marriage the parties lived in a house owned by Mary McBride's mother. The McBrides were divorced in 1943. The mother was awarded exclusive care, custody and control of the minor daughter, and the father was ordered to, and did, until his death, support and maintain Patricia in accordance with the final decree.
Sometime after the entry of the divorce decree, McBride, Inc., a corporation in which Joseph McBride was the dominant stockholder, purchased a small three-story apartment house. When McBride, Inc., acquired the property McBride and one Grace Gertrude Maxwell moved into the third floor of the apartment house and used it as a residence until McBride died. The other two floors were rented to tenants. While the parties were living in the apartment house and holding themselves out to the world as husband and wife, McBride, Inc., transferred the title to Joseph McBride.
Joseph McBride died leaving a will wherein he devised the apartment house property to Grace Gertrude Maxwell, the person whom he claimed was his wife, and the property was duly inventoried as part of his estate. Approximately six months later Grace Gertrude Maxwell died leaving a will wherein she devised all of her property, including the apartment house property, to one Julia Brodgon.
Subsequently, Patricia McBride, the minor child of Joseph and Mary, brought *771 suit to declare the apartment house to be the homestead of Joseph McBride, alleging in the suit that Joseph died leaving surviving him a widow, Grace Gertrude Maxwell McBride, and his daughter, the plaintiff, who was living with her mother, and that consequently the will was void as to the homestead property. The defendant in the cause filed answers denying that Joseph A. McBride was the head of a family at the time of his death, or that Grace Gertrude Maxwell was his wife, and denied that the apartment house was homestead property. At a final hearing the trial court decreed that when McBride died he was the head of a family, consisting of himself and his minor daughter; that the apartment house, at the time of McBride's death, was homestead property and therefore not subject to testamentary disposition; that as homestead property the property descended to Patricia McBride.
It appears to us that the two questions presented on the appeal are (1) whether or not Joseph McBride was the head of a family by reason of the fact that, in compliance with a final decree of divorce, he supported his minor daughter, who lived with her mother; and (2) whether or not the three-story apartment house, in which Joseph McBride occupied only one floor, was homestead property within the meaning of section 1, Article X of the Florida Constitution, F.S.A.
We have the opinion that both questions must be answered in favor of the minor daughter.
With reference to the first issue, the opinion of this Court in the case of Osceola Fertilizer Co. v. Sauls, 98 Fla. 339, 123 So. 780, contains the following applicable statement:
"In this case the minor child is absent from the father's roof tree by order of the court, but she and society have the right to demand that he provide her with the necessities of life and such comforts as her station in life warrant, and the court may take judicial knowledge of the fact that the same authority which has removed the child temporarily from the physical control of the father may, by the simple process of signing a short order, return her to his roof tree at any time."
In that case, as in the present one, the father did as a matter of fact, continue to fulfill his parental obligation with respect to support and maintenance subsequent to the divorce decree awarding physical custody to the mother; and the conclusion of the Court appears to be controlling: "Under the circumstances * * * the father remains the head of the family of which the minor child is a member * * * the absence of the minor child from the father's home is decreed by law for her welfare and is not from her intent to sever the family relation to her father." At page 781 of 123 So. See also Lockhart v. Sasser, 156 Fla. 339, 22 So.2d 763; Larsen v. Austin, Fla., 54 So.2d 63. Crosby and Miller, "Our Legal Chameleon," Vol. II, U. of Fla.Law Rev., No. 1, p. 28.
The Lockhart decision, supra, is also determinative as to the nature of improvements encompassed within the homestead in cases like the present: "The record shows that the improvements on the homestead lot consisted of one apartment house containing six apartments one of which, comprising the ground floor, was occupied by the owner as his home. The entire house was under one roof and was not divisible by a perpendicular line without destroying or eliminating a part of that occupied by the owner as his home. This condition differentiates the case * * *." 22 So.2d at pages 763-764. Accord Efstathion v. Saucer, 158 Fla. 422, 29 So.2d 304.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.