HOBSON, Justice.
Appellants Laszlo and Maria Beke timely filed a claim in the county judge’s' court against the estate of Frank Molnar, deceased, for certain described realty. The claim alleged, that '“a trust agreement was entered into : between .[appellants] and the said Frank Molnar, .now deceased, whereby the title to said above described property was to bé transferred to them ‘in fee simple upon the death of the said Frank Molnar, and that the consideration for said trust has been fully performed, done and executed by claimants.”
No objection to this claim was filed within the, time provided by statute. After the time had run, however, a motion to strike the Beke -claim was filed, and the probate judge granted this motion, holding that-the claim “is invalid and is not a legal, claim.” The- circuit court affirmed this order on appeal, “without prejudice to the. appellant to institute the proper proceeding to establish the trust as claimed by them.”
Appellants contend that their claim became perfected by reason of the executor’s failure timely to object, and that the probate judge thereafter had no alternative but to “enforce” the claim, i. e., that the realty described should have been conveyed to appellants. In support of this’ contention, they cite F.S., § 733.16, F.S.A. as amended, which provides in part that no claim, “including but hot limited to actions founded upon fraud or other wrongful act or commission of the decedent” shall be valid unless put in writing and duly filed in the office of' the'.-county judge, and that no cáus'e Of action' " “including but not limited'to actions founded upon fraud or other wrongful dct‘ or commission” shall survive the death of the person against whom the claim is made Unless the claim be properly and timely filed. We can derive no principle from this statutory' sedr tion which is helpful to appellants in this case. In the first place, the claim which they filed contains no allegation of fraud or wrongful act on the part of the decedent. And the' second consideration which occurs to us is that from language providing that no claim shall be valid unless the required procedure is followed' it does not necessarily follow as. a matter of law that every claim filed in accordance with the statute is valid and,, if not objected to, must be enforced.
In Hodges v. Logan, Fla. 82 So.2d 885, w.e hold that' sec. ''733.16 does not apply to trust property in. the situation there under consideration, wherein no claim had been filed against the estate of the decedent. That was a proceeding in chancery to establish a trust in realty. In the instant case we can "reach no different result; Title to the realty claimed herein is not-and- could not be in the personal representative.' It is. elementary that the probate court has' no jurisdiction , to try title to reálty,- nor. did it have' the power to direct the personal representative to convey the subj ect- 'realty to appellants.
It follows that .the judgment appealed from must be, and it is hereby, affirmed *597 -without prejudice to appellants-to: proceed as they may be advised to establish the ■alleged trust.- ■ ■ -
DREW, C. J.',' ánd t’HOMAS and THORNAL, JJ., concur.