## In re LEWIS' ESTATE.

County Judges' Court, Dade County.

February 6, 1957.

Raphael K. Yunes, Miami Beach, for executrix.

Alfred J. Anton, Miami, for David E. and Harold O. Hallstrand.

FRANK B. DOWLING, County Judge.

This cause came on to be heard before the court upon the petition of Donnis Lewis, executrix under the last will and testament of Austin P. Lewis, deceased, for an order extending the time to file objections to the joint claim of David E. Hallstrand and Harold O. Hallstrand, and the claim of Albert Joseph Dessureau, Jr., after notice to said claimants. After hearing the testimony offered in behalf of the petitioner and the argument of counsel for the petitioner and the claimants David E. Hallstrand and Harold O. Hallstrand, (the claimant, Albert Joseph Dessureau, Jr., not being represented by counsel or responding to said notice), the court finds—

Austin P. Lewis died on December 27, 1955. His last will and testament was admitted to probate in this cause and his widow, Donnis Lewis, was appointed executrix of his estate. On January 26, 1956, notice to creditors was first published in the Miami Review and Daily Record.

On September 17, 1956, Albert Joseph Dessureau, Jr. filed his claim in due form against the estate of the deceased in the sum of $255.27 alleged to be due for withholding taxes and social security taxes withheld from wages of the claimant during the period January 7th through June 24th, 1955.

On September 24, 1956, David E. Hallstrand and Harold O. Hallstrand filed their joint claim against the estate for the sum of $6,300 alleging services rendered to the widow of the decedent, Donnis Lewis, at her request in the performance of the duties of physicians and surgeons at the Lewis Medical Center from the 4th day of January through the 25th day of February, 1956. This claim is not based upon contract or agreement but apparently upon a quantum merit basis and for services rendered after the death of the decedent. There is no petition or order on record in this cause whereby this court has authorized the executrix to continue the business of the decedent.

The time for filing claims expired on September 26, 1956.

From the evidence and an examination of the files in this cause, it appears that four claims were filed against the estate of the decedent. On October 9, 1956, after the time for filing claims had expired, objection was filed to one of the claims and on November 30, 1956 one of the claims was paid in full. No objections were filed to the claims to which this petition is addressed.

Raphael K. Yunes, attorney for the executrix, by affidavit and evidence, states that he personally examined the court files of this estate on September 27, 1956, the day after the time for filing claims had expired. He states that at the time of his examination, the joint claim of David E. Hallstrand and Harold O. Hallstrand and the claim of Albert Joseph Dessureau, Jr. were not in the court file and he had, therefore, no knowledge of them.

Although filed 2 days and 9 days respectively prior to the time for the barring of claims under the statute, it appears that the mechanical process of filing, progressing, docketing, and placement of the claims in the court file had not been completed by the personnel of the county judges' court at the time the attorney for the executrix made his examination of the file on the day after the time for filing claims expired. This examination of the files had been made at the express direction of the executrix and the executrix relied upon the statement of her attorney that no claims had been filed other than the claim objected to and the one paid as hereinabove set forth.

Section 733.18 (2), Florida Statutes 1953, expressly authorizes the county judge, upon good cause shown, to extend the time for

filing objections to claims and for bringing suit, action or proceedings on claims which have been duly objected to. In the case of In re Jeffries' Estate, 136 Fla. 410, 181 So. 833, the Supreme Court said that the statute shall be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice shall be administered by due course of law as commanded by section 4 of the Declaration of Rights of the Florida constitution. This makes the stated time limits operate as rules of judicial procedure to be relaxed only for good cause shown. In the exercise of this power to so extend time for good cause shown, it is said that the same contemplates that the adjudication is to be governed by a given standard of judicial action, that it must contemplate a substantial reason or a cause moving the court to its conclusion, and not be an arbitrary or capricious exercise of discretion not founded upon a sound factual basis.

The recent cases of Ellard v. Godwin, 77 So. 2d 617, and Goggin v. Shanley, 81 So. 2d 728, have been urged as authority to deny this petition. In Ellard v. Godwin the Court held that the reason stated for failure of the executrix to object to the claim was because "for some reason" she did not learn of the filing thereof. The Court said that this was not good cause, that no legal reason was assigned in the application for the failure of the executrix to act timely; that the right of the county judge to extend the time was not an unbridled power by any means. The exercise of such power is a judicial act and involves the exercise of judicial discretion—the mere statement that "for some reason" the objection was not timely filed was not good cause.

In Goggin v. Shanley the question of extension of time was not involved. In that case, the question resolved by the Court was whether or not the county judge had the right to reject a claim which had been timely filed and to which no objection had been made, such rejection being on the basis that the claim was barred by the statute of limitations. It was held that in order to decide that the statute of limitations had run against the claim, the county judge had to hear and determine a question of fact which he had no power or jurisdiction to do. Goggin v. Shanley is therefore not determinative of the question here presented.

In re Goldman's Estate, 79 So. 2d 846, involved the question of good cause shown. There objection had been timely filed to a claim. The claimant had not brought suit within the time allowed by law and asked for an extension of time to bring suit, the "good cause

shown" in that case as the basis for the extension of time was that attorneys for the claimant misconstrued the statute, they alleged there had been an amendment thereto of which they had not received a copy, and that they did not realize that the amendment had the effect of shortening the time for filing suit. In that case the Supreme Court properly pointed out that the amendment did not have the effect of shortening the time for filing suit, that the law in that respect was not changed and remained the same as it always had been and that, therefore, the attorneys were on notice under the provisions of either statute of the time in which the suit should be brought and that the allegation that they did not understand the plain requirements of the law could not be held to constitute good cause for the extension of such period of time.

In Beke v. Molnar, 82 So. 2d 595, the Supreme Court held that "it does not necessarily follow as a matter of law that every claim filed in accordance with the statute is valid and, if not objected to, must be enforced." There was a claim to enforce a trust timely filed and not objected to. The county judge struck the claim on motion to strike on the ground that it was invalid and not a legal claim, and the Supreme Court rejected the claimant's contention that by reason of the executor's failure to timely object the probate judge thereafter had no alternative but to "enforce" the claim.

In this case, the claims filed by David E. Hallstrand and Harold O. Hallstrand, and Albert Joseph Dessureau, Jr., are certainly questionable claims, the claims of Messrs. Hallstrand having been made for services rendered to the widow of the deceased after the death of the deceased and at a time when the executrix had no court authority to continue the business of the deceased; and the claim of Mr. Dessureau being for alleged withholding taxes and social security taxes—certainly payable not to him but to the proper governmental agencies, if payable at all.

As stated in Ellard v. Godwin, supra, the vesting in the county judge of power to extend these time limitations *for good cause* is a wise and salutary provision obviously designed to prevent possible miscarriage of justice. In this case the executrix acted with all due diligence. As the time for filing claims expired, she instructed her attorney to examine the court files to see if claims had been filed. The attorney proceeded with diligence to make such examination and apparently from the mechanical administration of the county judges' office, it appears that the claims filed but a few days before the expiration of the time for filing claims had not reached the official court file when such examination was made. Only two of the four claims filed were discovered in the official files. One

claim was objected to; the other was paid. To deprive the executrix of the right to defend against the remaining claims in this cause, and to arbitrarily and harshly order her to pay the same would be to deprive the executrix of a trial by jury upon the merits of the issues involved. Surely right and justice would not prevail in such a harsh application of a "rule of procedure". The court finds that good cause has been shown for the granting of the extension of time sought by the executrix.

It is therefore ordered and adjudged that the executrix, Donnis Lewis, be and she is hereby granted an extension of time for the filing of such objections as she may be advised should be filed to said claims in this court, said objections to be filed within 15 days from the date of the filing of this order. It is further ordered that the claimants shall have 60 days after the filing of said objections and service of copies of the same upon them by registered mail in which to file an appropriate suit, action or proceeding upon their claims in a court of competent jurisdiction.