103 So.2d 237 (1958)
In re ESTATE of Matthew A. COLEMAN, Deceased.
No. 256.
District Court of Appeal of Florida. Second District.
May 23, 1958.
*238 H.L. Pringle, Leesburg, for appellant, Alma Hipp.
James B. Hare and Butler B. Hare, Saluda, S.C., and C.E. Duncan, Tavares, for appellants. Ruby Werts, Edward Q. Clary, Joe Harrison Clary, and Matthew A. Coleman, Jr.
Harry E. Gaylord, Eustis, for appellees, Mary Fellers and Goodlett Hill Proctor.
H.L. Pringle, Leesburg, and Jeff D. Griffith, Saluda, S.C., for appellees, Alma Hipp and Sue Schumpert.
R.J. Duff, Tampa, for H.B. Miller and Doris R. Miller.
John F. Cherry, Leesburg, for executors, H.B. Hunter, L.A. Jones and Will Coleman.
BARKER, ROGER A., Associate Judge.
This is an appeal from the judgment of the Circuit Court of Lake County entered on an appeal from the County Judge's Court. Actually the case involves three appeals. As appears above, numerous attorneys and litigants are involved and six briefs have been filed.
The will of Matthew A. Coleman was admitted to probate in the County Judge's Court of Lake County on December 14, 1954. The executors filed a petition for construction of certain portions of the will and for determination of the validity of certain allegedly undelivered deeds and an allegedly undelivered satisfaction of mortgage. One of the parties, Matthew A. Coleman, Jr., filed a petition stating he had not been made a party to the petition filed by the executors, and praying that reference *239 to certain lands he claimed be expunged from the executors' petition.
The executors answered the petition of Matthew A. Coleman, Jr. praying that a certain deed to him be declared void. After hearing the County Judge entered an order construing the will in certain respects and decreeing the deeds and the satisfaction of mortgage to be void for lack of delivery.
On appeal the Circuit Court reviewed the evidence and the record and affirmed the County Judge's Court as to the nullity of the deeds and the satisfaction of mortgage. The Circuit Court reversed the County Judge's Court, however, as to the construction of one part of the will.
The opinion of the Circuit Court, entitled Findings and Order of the Circuit Court on Appeal, was entered on February 28, 1957. It appears that one of the attorneys, R.J. Duff, representing the Millers on the matter of the validity of the satisfaction of mortgage, was not notified of the hearing on appeal. He moved for rehearing, which the Circuit Court denied after argument on the motion. A petition for rehearing on behalf of one of the other parties, Alma Hipp, also was denied. These appeals were then taken, notices of appeal and assignments of error having been duly filed.
On one of the appeals the appellants are Ruby H. Werts, Edward Q. Clary and Joe Harrison Clary, and Matthew A. Coleman, Jr. On another appeal the appellant is Alma Hipp, who is among the appellees on the other appeals. On the third appeal the appellants are Mary Fellers and Goodlett Hill Proctor, appellees on the other appeals; but no briefs have been filed as to this appeal, which concerned construction of the will, and it appears to have been abandoned.
Since the appeals from the judgment of the Circuit Court reversing the County Judge's Court concerning the construction of the will have been abandoned the judgment of the Circuit Court in this respect should be affirmed.
At the outset a serious question is raised ex mero motu as to whether the County Judge's Court had jurisdiction to determine the validity of the deeds and the satisfaction of mortgage.
The jurisdiction of the County Judge's Court when this case originated was set out in Article V, Section 17, of the Constitution of the State of Florida, F.S.A., and in F.S. 36.01 and F.S. 732.01, F.S.A. See now Article V, Section 7 of the Constitution.
Section 11 of Article V of the Constitution in effect at the time this case originated insofar as pertinent here reads as follows:
"The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, * * * and of all actions involving the title or boundaries of real estate * * *."
F.S. 733.02, F.S.A., specifically provides for suits by personal representatives of estates to recover possession or quiet title to real estate.
Our Supreme Court, in the case of In re Lawrence's Estate, 45 So.2d 344, 345, said:
"It clearly follows that when, as here, it is made to appear that third parties bona fides assert title adverse to the estate in real estate claimed by the personal representative or beneficiaries to constitute a part of the estate, resort must be had to the Circuit Court to settle such question of title, if this is necessary to a proper administration of the estate. We do not hold that as between the beneficiaries of an estate, claiming as such, real estate, title to which is in question, may not be dealt with as part of the estate, and the jurisdiction of the County Judge exercised with respect thereto. But, as between the estate (or beneficiaries) *240 and third persons, the determination of title to real estate can only be made by the Circuit Court."
In the present case the grantees were also beneficiaries under the will, but on the question of the validity of the deeds they stood as parties opposing the interests of the estate. See Strickland v. Peters, 5 Cir., 1941, 120 F.2d 53, 55, wherein it is held that the probate court in this State does not have jurisdiction to determine the validity of deeds.
County Judge's Courts are courts of limited jurisdiction under our constitution and statutes. They can exercise only such powers as are directly conferred on them by the Constitution and by legislative enactment and such as may be incidentally necessary to the execution of those powers. Such powers include the determination of the validity of a will but do not include the power to determine the validity of deeds nor the satisfaction of a mortgage allegedly executed by the decedent and delivered during his lifetime. The power to construe wills is specifically delegated to the County Judge's Court by F.S.A. 732.41.
Where the trial court lacks jurisdiction the appellate jurisdiction is also lacking. City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831.
In the instant case the question concerning the lack of jurisdiction on the part of the County Judge's Court and on the part of the Circuit Court was not raised by the litigants.
Our Supreme Court has many times held that jurisdictional or other fundamental error of law may be noticed by an appellate court on its own initiative. McMillan v. Wiley, 45 Fla. 487, 33 So. 993; Parker v. Dekle, 46 Fla. 452, 35 So. 4; Lovett v. Lovett, 93 Fla. 611, 112 So. 768; City of Clearwater v. State, 108 Fla. 623, 147 So. 459; McNally v. State, 112 Fla. 434, 150 So. 751.
The judgment of the County Judge's Court being void as to the determination of the validity of the deeds and satisfaction of mortgage, on account of the lack of jurisdiction over the subject matter, it necessarily follows that the Circuit Court was in error in entering its order affirming the judgment of the County Judge's Court in this respect.
That portion of the judgment of the Circuit Court reversing the judgment of the County Judge's Court regarding the construction of the Will is affirmed.
That portion of the judgment of the Circuit Court affirming the judgment of the County Judge's Court regarding the validity of the deeds and satisfaction of mortgage is hereby quashed and set aside, with directions to the Circuit Court to quash and set aside the judgment of the County Judge's Court not consistent with the views herein expressed.
Affirmed in part and reversed in part.
ALLEN, Acting Chief Judge, and THORNAL, CAMPBELL, A.J., concur.