CARROLL, CHAS., Chief judge.
The appellant and decedent William Rothman were married January 20, 1954. Prior to his death on November 7, 1956, they .resided in one of the apartments of a 12-unit apartment house which was owned by him in Miami Beach.
By an ante-nuptial contract, appellant had agreed that if she should survive Roth-man and become his widow she would re-, ceive and accept $5,000 “in place, instead and in lieu of all rights, which, as widow, the party of the second part might otherwise have either as dower in real estate of the party of the first part or as distributive share of the personal property of the party of the first part, or otherwise, as the case may be, under any statutes or law now or hereafter in force and effect controlling such.”
The decedent was survived by appellant as his widow and by his four children by a prior marriage.
Following appointment of appellees as executors, they moved the county judge on December 11, 1956, for a rule to show cause by which they sought to obtain possession from the appellant of the apartment in which she was continuing to reside and to gain control of rents from apartments which they alleged she was collecting. A rule to show cause was issued. Appellant answered the rule, contending that the apartment house property was the homestead of the decedent, in which she, as the widow, was entitled to a life estate notwith *608 standing the ante-nuptial agreement, which she contended did not apply to homestead property.
On hearing, the county judge made the rule absolute and entered the order which is appealed from. In that order, without ruling on the question of whether the apartment house or any part of it was homestead property (Cowdery v. Herring, 106 Fla. 567, 143 So. 433, 144 So. 348; McEwen v. Larson, 136 Fla. 1, 185 So. 866; Lockhart v. Sasser, 156 Fla. 339, 22 So.2d 763; Jacobs v. Berlin, 158 Fla. 259, 28 So.2d 539; and Brodgon v. McBride, Fla.1954, 75 So.2d 770), the county judge held, in effect, that even if the property were homestead the appellant would not be entitled to share therein as widow because the court construed the ante-nuptial contract to be broad enough to exclude any right she might have as a widow in homestead property.
If the property was not homestead property, there was no need for the county judge to construe and consider the effect •of the ante-nuptial contract, because the widow predicated her claim on the existence of homestead and did not claim an interest in the property otherwise.
 But if a homestead was involved, then, under the law relating thereto, a widow would be entitled to a life estate in such homestead (§§ 731.05, 731.27, Fla. Stat., F.S.A.), and the county judge would not have jurisdiction to rule otherwise. That is, if by virtue of some deed or instrument, such as the ante-nuptial agreement involved here, it is claimed that the widow's right to a life estate in a homestead has been contracted away, the jurisdiction to determine that question relating to title is in the .circuit court and not in the county judge’s court. That is the effect of the holdings in Mott v. First National Bank of St. Petersburg, 98 Fla. 444, 124 So. 36; and Spitzer v. Branning, 135 Fla. 49, 184 So. 770; and this court so held expressly in the case of In re Weiss’ Estate, Fla.App.1958, 102 So.2d 154. The county judge has jurisdiction to determine the existence vel non of the homestead. See In re Noble’s Estate, Fla.1954, 73 So.2d 873.
For the reasons stated,.the order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.