HORTON, Judge.
The proceedings in the County Judges’ Court resulted in an order voiding an ante-nuptial agreement which would have denied to the wife of the deceased any share in the estate. The question presented, and ruled upon, arose out of the wife’s election to take dower as against the will of the decedent. This claim was allowed by the County Judge who found that the antenuptial agreement was invalid due to the failure of the deceased to make a full and fair disclosure of his assets prior to the execution of the agreement.
Although jurisdiction to assign dower rests exclusively in the County Judges’ Court (§§ 733.11-14, Fla.Stat, F. S.A.; Coleman v. Davis, Fla.App.1958, 106 So.2d 81), the jurisdiction to test the validity of an antenuptial agreement is in the Circuit Court. See In re Rothman’s Estate, Fla.App.1958, 104 So.2d 607. It has been generally recognized that the validity of deeds (In re Coleman’s Estate, Fla.App. 1958, 103 So.2d 237) and trust agreements (Beke v. Molnar’s Estate, Fla.1955, 82 So.2d 595) is tested in separate proceedings in the Circuit Court.
Accordingly, the order appealed is reversed and the cause is remanded for proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.