SHANNON, Chief Judge.
The appellant, Wilbur J. Casey, as Executor of the Estate of Mary Alice Smith, Deceased, appeals from an order of the county judge below.
The facts of the case are quite brief and are as follows: Mary Alice Smith died testate on July 20, 1960, and, at the time of her death, was owner of a life estate in a certain citrus grove in • Hillsborough County, Florida. The owner of the fee in the citrus grove was the appellee, Archar B. Smith. Smith had acquired the remainder interest by deed from Mary Alice Smith, whereby she reserved to herself a life estate in the citrus grove. Shortly before the death of Mary Alice Smith, a guardian was appointed of her estate and property and, while the guardian was acting, he procured the services of Thompson Brothers, a grove service partnership, to spray the citrus grove with oil and a fungicide. Although the order was placed prior to the death of Mary Alice Smith, the work was not actually done until several days thereafter, and as a result of the work there was a bill in the amount of $433.50. The citrus fruit was immature and was not severed, and neither was it pledged, mortgaged nor sold. *847 The executor of the estate of the deceased filed a petition in the county judge’s court to determine title to the citrus fruit and also to determine the liability of the estate for the spraying. The county judge’s order provided in part:
“1. That Archar B. Smith, the owner of the fee, is the owner of the citrus fruit on the trees at the time of the death of Mary Alice Smith and is entitled thereto or to the proceeds of sale thereof, provided he first pays for the spraying of the grove in the amount of $433.50.
“2. That said remainderman is obligated to pay for the spraying of the citrus grove in the amount of $433.50.”
The executor of the Estate of Mary Alice Smith, Deceased, is appealing the county judge’s order insofar as it awards the fruit to the remainderman, and the remainder-man is appealing so much of the county judge’s order as pertains to the spraying bill which the county judge ordered that he should pay.
The effect of the order entered by the county judge was that the citrus fruit was real property and as such was owned by the remainderman and not the executor.
County judge’s courts in this state are courts of limited jurisdiction, deriving their powers from the Constitution and Statutes. In re Coleman’s Estate, Fla.App. 1958, 103 So.2d 237. Article V, Sec. 7(3), of the Constitution, F.S.A., provides that “(t)he county judge’s courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate.” See also Secs. 36.01(3) and 732.01, Fla.Stat., F.S.A.
The probate court has no jurisdiction to try title to real property. Beke v. Molnar’s Estate, Fla.1955, 82 So.2d 595. In the instant case neither party has questioned the jurisdiction of the county judge’s court to determine this question. When there is jurisdiction or other fundamental error of law, it may be noticed initially by an appellate court. Florio v. State ex rel. Epperson, Fla.App.1960, 119 So.2d 305; In re Coleman’s Estate, Fla.App.1958, 103 So.2d 237. In the case of In re Lawrence’s Estate, Fla. 1950, 45 So.2d 344, the court said:
“It clearly follows • that when, as here, it is made to appear that third parties bona fides assert title adverse to the estate in real estate claimed by the personal representative or beneficiaries to constitute a part of the estate, resort must be had to the Circuit Court to settle such question of title, if this is necessary to a proper administration of the estate. We do not hold that as between the beneficiaries of an estate, claiming as such, real estate, title to which is in question, may not be dealt with as a part of the estate, and the jurisdiction of the County Judge exercised with respect thereto. But, as between the estate (or beneficiaries) and third persons, the determination of title to real estate can only be made by the Circuit Court.”
See also In re Feldman’s Estate, Fla.App. 1959, 109 So.2d 407; In re Weiss’ Estate, Fla. 1958, 106 So.2d 411; In re Coleman’s Estate, Fla.App.1958, 103 So.2d 237; In re Weiss’ Estate, Fla.App.1958, 102 So.2d 154; and Sire Plan, Inc., v. Brown, La.App., 134 So.2d 290, decided by this court in an opinion filed this date. We hold, therefore, that the county judge’s court was without jurisdiction in the instant case to determine the ownership of the citrus fruit.
As regards that portion of the order appealed wherein the remainderman was required to bear the cost of the spraying of the grove, we likewise hold that the county judge’s court was without jurisdiction. See Krivitsky v. Nye, 1944, 155 Fla. *848 45, 19 So.2d 563, 568, in which the court said:
“The County Judge’s Court is not a court of general jurisdiction in the course of the common law, and the rule or presumption as to jurisdiction not appearing in the record, is not applicable to this Court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case they may be attacked in any collateral proceeding by showing the absence of jurisdiction. See Epping v. Robinson, 21 Fla. 36; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666.”
The order appealed is reversed and remanded with directions to dismiss the executor’s petition.
KANNER and SMITH, JJ., concur.