SMITH, Judge.
The Citizens National Bank of St. Peters-burg was granted Letters Testamentary as Executor of the Last Will and Testament of John D. O’Neal, Deceased, by the County Judge’s Court of Pinellas County. The Executor filed his petition in that court for authority to continue and carry on the business known as O’Neal Pest Control, alleging that at the time of his death, the decedent was the sole owner. The court entered its order authorizing the continuance of that business by the Executor. It then filed its Inventory and Report of Appraisers listing, among other items, “Business known as O’Neal Termite & Pest Control — ap *317 praised at $68,700.00.” The Executor then filed its petition alleging that Mary Vendit-ti, also known as Mary O’Neal, claims to be the true owner of the business and prayed that the court enter an order restoring the control and supervision of the business to the Executor. Mrs. Venditti then filed her petition alleging that she was the sole owner of said business, praying that the Court amend the Inventory filed in the estate by striking, from the list of assets, this business, directing the Executor to deliver all funds and property of the business to Mrs. Venditti, vacate all prior orders pertaining to the business, and grant such other relief as it deems equitable and just. The Executor answered Mrs. Venditti’s petition, and Gladys O’Neal, the widow of the decedent, replied to the petition, alleging that the decedent was the sole owner of the business and that the widow had elected to take dower. On this record, the Probate Court set the cause down for hearing testimony, which comprises 188 pages of the record, after which the court entered an order. The order recites that the primary question to be determined is, “who owns the business known as O’Neal Pest Control?” The order then recites in some detail the history of the business, to the effect, that Mrs. Venditti owned a state license by which the business was operated, that there was a written agreement between the decedent and Mrs. Venditti pertaining to some aspects of the ownership and operation of the business, and that Mrs. Venditti retained an ownership interest in the business to the extent of the state license and one-third of the value of the goodwill of the business, together with the tangible assets possessed by her in 1950. The order then found that the decedent had materially expanded the business through his management from 1950 to the date of his death in 1960, that he was the owner of two-thirds of the value of the goodwill of the business, plus an interest therein to be determined by first setting aside to Mrs. Venditti the value of the tangible assets in 1950, and that the difference between that amount and the value of the business on the date of the death of the decedent was the ownership interest of the decedent in the business. The Executor was then directed to undertake the incorporation of the business with the ownership divided and that in the interim both the Executor and Mrs. Venditti shall confer with one another in the joint control and operation of the business. From’ this order the Executor appeals, assigning as error the finding and awarding to Mrs. Venditti by the Probate Court of an interest in the business,
 Before looking to the merits, we, on our own motion, question the jurisdiction of the Probate Court. While the question of jurisdiction was not raised in the Probate Court, this is not a condition precedent to its consideration here. In re Coleman’s Estate, Fla.App.1958, 103 So.2d 237. If the County Judge’s Court was without jurisdiction, the conduct of the parties, in all filing petitions praying for a determination of the question, would not confer jurisdiction. Spitzer v. Branning, 1938, 135 Fla. 49, 184 So. 770. In analysing the question of the jurisdiction of the County Judge’s Court, it must be borne in mind that the relationship between the parties is as follows:
(a) The Executor who claims that the decedent was the sole owner of the property at the time of his death and it is, therefore, an asset in the hands of the Executor.
(b) Mrs. Venditti, who was formerly Mary O’Neal, the mother of the decedent, but whose claim as the owner of said business is based upon the allegation that she was the sole owner and operator until 1950, when she put her son in as manager of the business, but claiming that she continued to be, and was the owner of the business and all of its assets. Mrs. Venditti’s claim of ownership is not claimed to be through the Probate Court by virtue of any process of administration of the estate of the decedent. She is not a devisee or legatee under the Will, and she is not a surviving spouse or next of kin. Her position is that of a *318 stranger asserting an adverse claim to property which the Executor and widow claim to be an asset in the estate.
(c) The widow, Gladys O’Neal, who claims by right of dower.
The County Judge’s Courts have no jurisdiction except that which is conferred upon them by the constitution and statutory enactment pursuant thereto and such as may be incidentally necessary to the execution of these powers. The County Judge’s Court is not a court of general jurisdiction according to the course of common law. It does not have jurisdiction in cases at law in which the demand or value of the property involved exceeds one hundred dollars, and it has no jurisdiction in purely equitable actions. In re Brown’s Estate, Fla.App.1961, 134 So.2d 290. The jurisdiction of the County Judge’s Court is expressly conferred by the constitution and statutes so long as it relates to “the duties usually pertaining to courts of probate.” In re Lawrence’s Estate, Fla.1950, 45 So.2d 344. The controversy here between the Executor and the widow on the one hand, and Mrs. Venditti on the other hand, was one between an estate and a stranger claiming adverse to the estate. The determination of such a controversy is not one of the duties usually pertaining to courts of probate. The Probate Court did have the power to make findings for administrative purposes on some of the matters presented to it by the petitions. Findings for administrative purposes involves only instructions and directions to the personal representative pertaining to matters of the estate concerning the personal representative, the widow’s dower, the assets of the estate, or the rights of those claiming under the Will or claiming as heirs at law. Such administrative purposes do not include an adjudication of the rights or property interests of a person claiming adverse to the estate. In the latter instance, the recourse of the parties is to the forum having jurisdiction of the particular class of action in the same manner as if there were no estate proceedings pending. In re Brown’s Estate, supra. The County Judge’s Court was without jurisdiction to adjudicate the question of the ownership of the business. We must, therefore, reverse the order on the jurisdictional ground, with leave to the parties to seek their remedy in a proper forum.
Reversed.
ALLEN, Acting C. J., and WILLSON, JESSE H., Associate Judge, concur.