WALDEN, Chief Judge.
This matter is before this court by reason of a certificate issued pursuant to F.A.R. 4.6(a), 32 F.S.A. by the County Judge’s Court for Palm Beach County. The certificate presents the following:
“1. Elizabeth S. White, a Palm Beach County resident, died testate. Her surviving spouse, James P. White (hereinafter White) as ‘the husband and heir at law of Elizabeth Sinclair White, deceased’ filed a caveat to the probate of her Will.
“2. The Executors of her estate petitioned this Court for probate of her Will, dated May 16, 1966. White filed a response to the Executors’ petition for probate claiming, among other things, that the decedent lacked testamentary capac *325 ity to execute the Will and that she was subjected to undue influence at the time of execution.
“3. The Will was admitted to probate, subject to a hearing on White’s claims. At a hearing on White’s contest of the Will, the proponents of the Will moved to dismiss the contest on the ground that White was not an ‘interested party’ as defined by Florida Statute 731.03(09) [F.S. A.]. Their attack on his right to contest was based on a post-nuptial agreement dated June 29, 1966 (copy of which was admitted as evidence and is annexed hereto as Exhibit A) paragraph 11 of which provides, as follows:
“ ‘The parties hereto hereby agree that in the event of the death of either, no claim shall be made by the survivor on account of dower, curtesy or other statutory rights under the laws of any jurisdiction whatsoever.’
“In another paragraph of said agreement — 3—the parties mutually released each other from all claims of any kind whatsoever.
“4. Testimony was adduced showing that White and the decedent had executed the agreement and that the decedent had performed her obligations thereunder.
“QUESTIONS

“Question One

“Under the facts stated above, does this Court have jurisdiction to determine the effect of the post-nuptial agreement, for the purpose of determining the contestant’s right to attack the probate of the Will; — or, is this matter outside of the jurisdiction of the County Judge’s Court because of Section 11, Article V of the Constitution, which grants the circuit court exclusive original jurisdiction ‘ * * * in all cases in equity * * * and all actions involving real estate’?

“Question Two

“If the answer to the first question is that the County Judge’s Court is without jurisdiction to consider the effect of the post-nuptial agreement, does it have the power, on its own motion, to refer the question to the circuit court;— or, must a proceeding to determine the effectiveness of the post-nuptial agreement be initiated either by the proponents or contestant to the probate of the Will?”
From our review we are persuaded that the questions presented are without controlling precedent in this state. Since an instruction from this court will facilitate disposition of the cause, we agree that the certificated questions are entitled to be answered.
The facts presented by the certificate are distinguishable from those presented in In re Estate of Guze.[1] It was held in Guze that jurisdiction to test the validity of an antenuptial agreement, which would have denied to decedent’s widow any share in his estate, lies in the circuit court. But in Guze validity was at issue; here the question is application of a valid agreement.
We would also distinguish In re Estate of Rothman,[2] in which the claim was made that the widow’s right to a life estate in a homestead had been contracted away by virtue of an antenuptial agreement. Jurisdiction to decide such a question was held to reside in the circuit court because a claim involving homestead rights raises a question of title.[3] On the record we are here presented with no homestead issue.
The condensed issue presented is whether the circuit court or the county judge’s court has jurisdiction to decide whether the post-nuptial agreement precludes James P. *326 White’s right to contest the probate of his deceased wife’s will.
Jurisdiction of the county judge’s courts of this state is delineated by Section 7, Article V of the Florida Constitution, F.S.A. This section provides:
“(3) JURISDICTION. * * * The county judge’s courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. iji ‡
Essentially the same jurisdictional limitations are provided by F.S.1967, Section 732.01, F.S.A.
Section 6, Article V of the Florida Constitution provides with regard to the circuit courts:
“(3) JURISDICTION. The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on the juvenile courts * * * in all actions involving the titles or boundaries of real estate * *
Under the facts presented by the certificate the question of whether the post-nuptial agreement removed James P. White from the category of “interested persons” who have standing to challenge probate of his wife’s will is a matter within the jurisdiction of the county judge’s court. The determination of standing is one of the “duties usually pertaining to courts of probate.”
We interpret such usual probate duties as entailing the common use and application of all manner of legal documents such as releases, assignments and contracts which affect probate proceedings aside from the possible exceptions hereinafter mentioned. We see no reason to distinguish or give special significance to post-nuptial agreements. We think a contrary approach would bring to a standstill the daily working of the county judge’s court and be contrary to the letter and spirit of the mentioned constitutional sections. But repetitively we remind and caution that there are exceptions to such use and application. If the matter principally or concurrently involves real estate boundaries or titles, homesteads or disputes cognizable in equity, then it must be decided in the circuit court. For example, and not by way of limitation, if the contract in question had been challenged with averments which would support a suit in equity for cancellation, reformation, or other equity action then we would necessarily believe that jurisdiction of the issue would be in the circuit court.
Looking at the certificate we find nothing that would constitute a cause of action cognizable in equity, such as a challenge to the validity of the contract, and neither is there any question of real estate title or boundaries or question of homestead.
In light of these observations we respectfully answer Question One by declaring that the county judge’s court does have jurisdiction to determine the effect of the post-nuptial agreement for the purpose of determining the contestant’s right to attack the probate of the will. This answer renders it unnecessary to decide Question Two.
McCAIN and REED, JJ., concur.

. Fla.App.1959, 109 So.2d 170.

. Fla.App.1958, 104 So.2d 607.

.Likewise distinguishable because a question of title was involved is In re Brown’s Estate, Fla.App.1961, 134 So.2d 290.