**In the Matter of Betty J. GOTTLING, Debtor.**

**Bankruptcy No. 82–2342.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 2, 1984.

Daniel P. Rock, Holiday, Fla., for debtor.

George T. Hadley, Tampa, Fla., Bankruptcy Trustee, Inc.

W. Lowell Bray, Jr., Jack McPherson, New Port Richey, Fla., for claimant.

## ORDER ON OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon an Objection to Debtor's Claim of Exemptions filed by New Port Richey Hospital, Inc. d/b/a Community Hospital of New Port Richey (Hospital), an unsecured creditor of Betty J. Gottling, the Debtor in the above-styled Chapter 7 case. The Hospital seeks the entry of an order disallowing the exemptions claimed by the Debtor pursuant to Art. X, § 4, Fla. Const. and § 222.01 et seq. based on the contention that the Debtor is not the head of the household and is, therefore, not entitled to the benefits provided by the exemption laws of the State of Florida.

The facts are basically without dispute and can be summarized as follows:

On November 5, 1982, the Debtor, Betty J. Gottling, filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. The Debtor is a single woman, divorced, and she has one son, age 19, who up to the time he entered college, lived with the Debtor. On the date the Petition was filed, he was a full time resident student attending University of South Florida in Tampa, Florida. While it appears that he does spend some of his vacation time at the Debtor's home and returns occasionally for a week-end visit, he does not reside with her. There is no doubt that the son's educational expenses are born in part by government grants and in part by his father who resides in Illinois with his second wife and family.

The record reveals that on the date of the petition, the Debtor was unemployed, but that she receives permanent alimony in the amount of $425 per month and partial child support in the amount of $17.44 per week. While the Debtor does not provide primary financial support for her son, she claims to furnish shoes, clothes and insurance, to an unspecified extent, in addition to room and board on those occasions when he returns to his mother's home.

On the schedules accompanying the Debtor's Petition, she listed unsecured debts in the amount of $44,682.10, all attributable to medical expenses; and assets totalling $30,848.89, all of which are claimed as exempt property pursuant to Art. X, § 4, Fla. Const. The assets include real property claimed as homestead, valued at $30,000; a checking and savings account containing $103.89; personal clothing valued at $100.00; and household goods and furnishings valued at $645. As noted above, the Hospital contends that the Debtor is not entitled to enjoy the benefits of the exemption laws inasmuch as she fails to qualify as head of household, a status which is indispensible in Florida to the right to claim these exemptions.

There is no doubt that in the State of Florida the exemption laws are available only to those who qualify to be head of the household. *Nelson v. Franklin,* 152 Fla. 694, 12 So.2d 771 (1943). In order to qualify as head of the family or household, there must be at least two persons who live together in relation of one family and one of them must be the "head" of that family. The family may be family at law, where a legal duty to maintain arises out of a family relationship, i.e. husband-wife; parent-child; or a family in fact, where the head of the household has a continuing personal authority, responsibility and obligation for the welfare of the others and the others recognize both the family relationship and the status of the head of the family. *In re Kionka's Estate,* 113 So.2d 603 (1959). *See also, Beck v. Wylie,* 60 So.2d 190 (Fla.1952).

In this case, the Court is faced with a situation where the Debtor claims to be the head of the household, but her sole claimed dependent is an adult son who does

not reside in the Debtor's home; is not supported by her; is not obligated by law, legally or morally, to do so and most importantly, does not exercise the authority, supervision or guidance over her son as head of a family unit consisting of herself and her son, an adult who is perfectly able to guide his own life and destiny and who is not a dependent on the Debtor either in an economic sense or in a moral sense.

 It is true that in Florida a dependent need not be underage, *Decottes v. Clarkson*, 43 Fla. 1, 29 So. 442 (1901); *Beck v. Wylie*, 60 So.2d 190 (Fla.1952), and it is not even necessary that the dependent actually live with the purported head of the family on the homestead property. *Vandiver v. Vincent*, 139 So.2d 704 (Fla. 2d DCA 1962) citing *Osceola Fert. Co. v. Sauls*, 98 Fla. 339, 123 So. 780 (1929); *Lockhart v. Sasser*, 156 Fla. 339, 22 So.2d 763 (1945); *Brogdon v. McBride*, 75 So.2d 770 (Fla. 1954). However, where the dependent does not reside on the homestead property with the head of household, the head of the household "must not only be obligated to, but must actually support such dependent." *Vandiver v. Vincent, supra* at 709.

As noted earlier, the Debtor is not in any way obligated to support her son. His college expenses are paid by his father, who also pays child support, and with government funds by means of an educational opportunity grant. Further, the Debtor's son has reached the age of majority, has no known physical or mental disabilities and has not been shown to be dependent in any sense upon his mother.

This Court is fully aware that the homestead exemption laws have always been liberally construed in order to preserve home and shelter for the family. However, even the most liberal construction of the law cannot, create a head of household status where none exists. While the result in this case is unfortunate in light of the Debtor's illness, her unfortunate situation is of no consequence and plays no role in the resolution of the matter under consideration. In light of the foregoing, this Court is constrained to conclude that the Debtor is not the head of the household and, therefore, cannot claim the benefits of the exemption laws accorded by the Constitution of this State.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Debtor's Claim of Exemptions filed by New Port Richey Hospital, Inc. d/b/a Community Hospital of New Port Richey be, and the same hereby is, sustained and the exemptions claimed by the Debtor are disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee, George T. Hadley, be, and the same hereby is, directed to administer those assets claimed by the Debtor, Betty J. Gottling.