ERVIN, Judge.
We affirm all issues except that wherein appellants claim that Bobby Carra-way, an employee of Superior Brands, could not be individually liable under section 440.205, Florida Statutes (1989), and as to this issue we reverse the trial court’s denial of appellants’ motion to dismiss,[1] and remand with directions that Carraway be dismissed as a party.
As the supreme court explained in Scott v. Otis Elevator Co., 572 So.2d 902, 903 (Fla.1990), Florida does not recognize a common-law tort for retaliatory discharge; instead, the legislature created section 440.205 to allow a statutory cause of action for wrongful discharge. A statute in derogation of the common law must be construed narrowly. Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977); Jenks v. State, 582 So.2d 676 (Fla. 1st DCA), review denied, 589 So.2d 292 (Fla.1991). Section 440.205 merely provides:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under the Workers’ Compensation Law.
(Emphasis added.) This provision cannot be read to authorize suit against an employee in his or her individual capacity. Cf. § 768.28(9)(a) (Fla.Stat.1989); District Sch. Bd. of Lake County v. Talmadge, 381 So.2d 698, 703 (Fla.1980).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.

. Appellants did not make any argument on appeal to support their assertion that the trial court's failure to grant Carraway's motion to dismiss on this ground warranted a new trial. We reach the issue only because the trial court had no jurisdiction to enter a judgment against a person who cannot be sued under the statute, and this court may consider such issue even if not properly framed in the briefs. Casey v. Smith, 134 So.2d 846 (Fla. 2d DCA 1961); Florio v. State ex rel. Epperson, 119 So.2d 305 (Fla. 2d DCA 1960).