The Honorable Danny Herring Dixie County Board of County Commissioners Post Office Box 2600 Cross City, Florida 32628
Dear Commissioner Herring:
You ask substantially the following question:
Is a member of the board of county commissioners in a county where the sheriff is in charge of the county jail eligible for licensure as a bail bond agent in Florida?
In sum:
A county commissioner in a county where the sheriff is in charge of the county jail is eligible for licensure as a bail bond agent in Florida.
Chapter 648, Florida Statutes, regulates bail bond agents and runners in Florida. The Department of Insurance administers the provisions of Chapter 648.[1] Section 648.30, Florida Statutes (1996 Supplement), prohibits a person from acting in the capacity of a bail bond agent, temporary bail bond agent, or runner and from performing any of the functions, duties, or powers prescribed by Chapter 648 for bail bond agents or runners "unless that person is qualified, licensed, and appointed as provided in [Chapter 648]."[2]
You have advised this office that you are a licensed bail bondsman (now known as a bail bond agent). Since your election to the Dixie County Board of County Commissioners in 1996, the question has been raised whether section 648.44(2), Florida Statutes (1996 Supplement), prohibits your licensure as a bail bond agent while serving as county commissioner. You state that, unlike some other counties, the sheriff is in charge of the county jail and its inmates in Dixie County.
Section 648.44(2), Florida Statutes (1996 Supplement) states:
"The following persons or classes shall not be bail bond agents, temporary bail bond agents, runners, or employees of a bail bond agent or a bail bond business and shall not directly or indirectly receive any benefits from the execution of any bail bond:
(a) Jailers or persons employed in any jail.
(b) Police officers or employees of any police department or law enforcement agency.
(c) Committing magistrates, employees of a court, or employees of the clerk of any court.
(d) Sheriffs and deputy sheriffs or employees of any sheriff's department.
(e) Attorneys.
(f) Persons having the power to arrest or persons who haveauthority over or control of federal, state, county, or municipalprisoners." (e.s.)
In Attorney General Opinion 86-58, my predecessor in office concluded that the above statute prohibited a member of the county commission from being licensed as a bail bondsman. The opinion recognized that the board of county commissioners was only indirectly involved with the control of county prisoners; however, my predecessor in office concluded that such statutes authorizing the county commission to approve the annual budget for the sheriff and for the operation of the jail, as well as various provisions in Chapter 951, Florida Statutes, were sufficient to implicate the language of section 648.44(2)(e), Florida Statutes.[3]
It is a fundamental principle of construction that regulatory or penal statutes or statutes in derogation of the common law are to be strictly construed.[4] Moreover, in construing statutes, words take meaning based upon their association with other words in the statute.[5] Section 648.44(2), Florida Statutes (1996 Supplement), specifically refers to jailers, law enforcement officers, attorneys, and clerks of the courts, all persons connected with the administration of the criminal justice system who have a significant and direct impact on the control of prisoners. The county commission, however, acts as the legislative body of the county. While the commission may have some indirect authority over county inmates,[6] such authority does not rise to the level of control sufficient to bring a member of the county commission within the prohibition of the statute.
Moreover, common sense dictates an interpretation of the statute which encourages legitimate business persons in the community to seek public office. The right to hold a public office is one of the valuable rights of citizenship and should not be prohibited or curtailed except by plain provisions of law.[7] Thus, any doubt or ambiguity must be resolved in favor of eligibility.
Accordingly, I am of the opinion that a county commissioner in a county where the sheriff is in charge of the county jail is eligible for licensure as a bail bond agent in Florida. To the extent that previous opinions are inconsistent with such conclusion, they are hereby modified.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjwls
[1] See, s. 648.26, Fla. Stat. (1996 Supp.).
[2] See, s. 648.27(1), (2) and (4), Fla. Stat. (1996 Supp.), respectively providing that "[a] license may not be issued except in compliance with this chapter," and that the department shall not issue any license except in compliance with Ch. 648, Fla. Stat.
[3] See, e.g., s. 30.49, Fla. Stat. (1996 Supp.) (approval of sheriff's budget); s. 951.01, Fla. Stat. (1996 Supp.) (county commission may put county prisoners to labor on public works); ss.951.12 and 951.13, Fla. Stat. (county commission may exchange and transfer prisoners between counties); s. 951.21, Fla. Stat. (county commission may adopt policy allowing gain-time for county prisoners).
This office has been advised that the department, while following the conclusion reached in Attorney General Opinion 86-58 (1986), has taken the position that the statute need not be interpreted to prohibit a county commissioner from being licensed as a bail bond agent.
[4] See, Superior Brands, Inc. v. Rogers, 646 So.2d 257 (Fla. 1st DCA 1994) (a statute in derogation of common law must be construed narrowly); City of Miami Beach v. Galbut, 626 So.2d 192
(Fla. 1993) (when statute imposes a penalty, any doubt as to its meaning must be resolved in favor of strict construction).
[5] See, State ex rel. Wedgworth Farms, Inc. v. Thompson,101 So.2d 381 (Fla. 1958); Cepcot Corporation v. Department ofBusiness and Professional Regulation, Construction IndustryLicencing Board, 658 So.2d 1092 (Fla. 2d DCA 1995) (the court must examine other words used in string of concepts to derive Legislature's overall intent in statute). And see, Green v. State,604 So.2d 471 (Fla. 1992) (when enumeration of specific things in statute is followed by more general word, general word will usually be construed to refer to things of same kind or species of those specifically enumerated).
[6] See, note 3, supra.
[7] See, Ervin v. Collins, 85 So.2d 852 (Fla. 1956). And see,State ex rel. Fraser v. Gay, 28 So.2d 901, 904 (Fla. 1947);State ex rel. West v. Gray, 70 So.2d 471 (Fla. 1954).