**DORA BONACKER HELMS, as Administratrix of the Estate of John Hay Bonacker, deceased, v. FIRST NATIONAL BANK OF TAMPA, a National banking corporation.**

28 So. (2nd) 262　　　　　　　　　　　　　　　June Term, 1946
November 29, 1946　　　　　　　　　　　　　　　　Division A
Rehearing denied January 3, 1947

*Reeves, Allen & Johnson,* and *Henry S. Toland,* for appellant.

*Raney & Raney,* for appellee.

BUFORD, J.:

To a bill of complaint filed after the death of the insured by an administratrix as beneficiary under a policy of insurance and in which bill of complaint it was alleged in effect that the defendant Bank had been at the time of the death of the insured the holder of the insurance policy as collateral for the payment of a debt theretofore owed by the insured to the Bank which debt had been satisfied and discharged; that after the death of the insured the Bank collected from the insurance company the face of the policy; that after the Bank reimbursed itself for all sums of money paid to the insurer by the Bank to keep the policy in full force including the repayment to the insurer the amount of a loan by insurer to the insured, together with premiums so paid by the bank to the insurer with interest thereon, there remained in the hands of the

Bank a large sum of money being the net proceeds of the insurance recovery. The bill prayed an accounting and decree for the amount of the net proceeds of the policy to be paid over to the plaintiff, the bank answered admitting that originally the policy was received by the Bank as collateral security but that thereafter a settlement was consummated between the Bank and the insured in which settlement the Bank acquired all right, title and interest to accrue under the policy and at the time of the death of the insured the assignment to the Bank had become absolute; that the Bank had collected the face of the policy and that after deducting all amounts paid by the Bank to the insurer on account of the policy, with interest thereon, there remained in the hands of the Bank as net proceeds of the policy the sum of $3720.81 to which the Bank claimed title under the agreement of settlement of the indebtedness of the insured to the Bank.

Therefore, the issue presented was whether or not the assignment which had originally been made for collateral security had thereafter by agreement between the parties, partly in writing and partly in parole, become an assignment absolute of all proceeds of the policy.

The Chancellor found and entered his decree in favor of the Bank. From this decree the plaintiff appealed.

The evidence supports the finding of the Chancellor if the testimony of the officers and stockholders of the Bank was admissible under Sec. 90.05 Fla. Statutes 1941 (same F.S.A.).

The prohibition contained in Sec. 90.05, supra, only applied in suits or actions where the claim is against the Executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivors of the deceased person and, therefore, only applies to cases where the rights of the deceased at the time of his death are involved.

In the instant case the claim of the plaintiff is not upon any right which vested in the deceased at the time of his death but a right which it is alleged is vested in the Administratrix by having been designated as beneficiary under the policy upon the occurrence of the death of the insured.

It appears to be well settled that the inhibition of the statute does not apply to cases of this sort.

In Brawner v. Royal Indemnity Company, 246 Fed. 637 (Circuit Court of Appeals, 5th Circuit) it is said:

"In an action on an accident policy, the beneficiary having introduced a renewal certificate countersigned by one who at the date of the certificate was a duly authorized agent of the company, the company introduced as a witness such agent, who testified that the insured had not paid the premium recited in the renewal certificate, and that he declined to renew the policy. *Held,* that as the beneficiary's right under the policy did not accrue until the death of the insured, she could not be deemed his survivor, and the testimony of the agent as to the transactions with the insured was properly received, notwithstanding it was testimony as to a transaction with a deceased person."

To the same effect is:

"Hamill v. Supreme Counsel of the Royal Arcanum, (Pa. Atl. Reporter, p. 645; Ward v. New York Life Insurance Co., New York Supreme Court of Appeals, 122 N.E. 207; Savage v. Modern Woodmen, 113 Pac. 902; Schuman v. Supreme Lodge, 81 N.W. 717; Crowell v. Northwestern etc., 118 N.W. 412."

So our conclusion is that the testimony of the officers and stockholders of the Bank was admissible.

No error being made to appear, the decree of the Chancellor is affirmed. ·

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.