106 So.2d 81 (1958)
Ineyll COLEMAN, Appellant,
v.
Flora DAVIS, Appellee.
No. A-198.
District Court of Appeal of Florida. First District.
October 28, 1958.
*82 Coe & Coe, Pensacola, for appellant.
Yonge, Beggs & Lane; Robert P. Gaines, Pensacola, for appellee.
STURGIS, Chief Judge.
This is an appeal and cross-appeal from a final decree in equity awarding to the appellant, Ineyll Coleman, plaintiff below, an undivided one-sixth interest as dower in certain improved real property that is incapable of division in kind, adjudging the *83 remaining five-sixths interest to be vested in the appellee, Flora Davis, defendant below, and providing for a partition by sale.
The complaint charged that appellant is the widow and sole heir at law of Reed Coleman who died intestate and whose estate has not been administered; that being seized of the subject real property during coverture, he conveyed it to appellee without appellant's joinder; that appellee paid no consideration therefor; and that appellant has not relinquished dower therein. The complaint also charged generally that appellant's husband invested the family's savings and his earnings and performed personal labor in constructing a dwelling on the property; that appellee contributed nothing in that behalf; that these transactions were designed to defraud appellant of her rights in the property (such rights not being detailed); and, finally, that appellee lived with appellant's husband in a state of intermittent adultery.[1] On these allegations it was prayed that a constructive trust be established in appellant's favor as to the entire property; alternatively, that she be awarded dower therein.
Appellee moved to dismiss the complaint on the ground that it failed to state a cause of action cognizable in equity and upon denial thereof filed an answer traversing the material allegations of the complaint, and incorporated therein a counterclaim charging that appellee furnished to appellant's husband the entire purchase money for the property with the understanding that title would be taken in appellee's name, that he fraudulently took the title in his own name, that appellee placed the improvements on the property at her sole cost and expense, and that the conveyance to appellee was made in recognition and discharge of a resulting trust that arose under these circumstances. The counterclaim prayed that such resulting trust be established in appellee's favor as to the entire property, free of all claims of the appellant.
The evidence was presented before the Chancellor who, upon timely objection of appellant on the ground that testimony proffered by the appellee as to her transactions with appellant's husband[2] was inadmissible under the exclusionary provisions of F.S. § 90.05, F.S.A., commonly known as the "Dead Man's Statute," reserved ruling until entry of the final decree, wherein the objection was sustained.
The following facts are not disputed: Appellant and Reed Coleman were married on October 19, 1940. In October 1948 Reed Coleman acquired the legal title to an unimproved parcel of real property which he conveyed to appellee in November 1948 by a fee simple deed in which he is described as a single person. Appellant did not join in the conveyance or separately relinquish dower. Shortly after the conveyance a dwelling house was constructed on the property and it has at all times been occupied by appellee as her home. Reed Coleman died intestate on February 11, 1957. For several years immediately prior to his death he maintained his usual place of abode in the mentioned dwelling. His estate has not been administered and his widow, the appellant, is his sole heir at law.
The Chancellor's findings are to the effect (1) that the appellee and appellant's husband acquired the subject property and constructed the improvements thereon as equal partners; (2) that the partnership was dissolved prior to the husband's death, *84 with the result that the partners then owned an undivided one-half interest each in the property; (3) that the subsequent conveyance from appellant's husband to appellee, in which appellant did not join, operated to vest appellee with legal title to the whole, subject, however, to appellant's inchoate right of dower as to the one-half interest formerly owned by her husband; (4) that the husband's conveyance to appellee operated to dispel any right of inheritance which appellant might have otherwise held in the property; (5) that upon his death, however, she became vested with dower in the one-half interest that was owned by her husband during coverture and as to which she did not relinquish dower.
The final decree assigned dower to appellant to the extent of an undivided one-sixth interest in the property and improvements and adjudged appellee to be the owner of the remaining five-sixths interest. It ordered a sale of the property by way of partition in the event the parties failed to amicably adjust their interests, but the latter provision is not elaborated and no limit of time was specified for such adjustment to be made.
Many questions are presented for determination on this appeal, but it seems necessary to decide only three of them which may be stated thus:
1. Whether the pleadings and proofs adequately charge and support the proposition that the subject property was held by the mentioned persons as copartners.
2. Whether the Dead Man's Statute precludes appellee from testifying as to transactions she had with appellant's husband.
3. Assuming the proofs do not support the partnership which the court found to exist or either of the trusts which the parties respectively sought to establish, query: Did the court of equity have jurisdiction to award and set apart dower to appellant and, absent any prayer therefor, to exact a partition of the property?
The parties on appeal severally assign error to the finding that a partnership composed of appellee and appellant's husband owned the subject property, and both insist that the pleadings do not allege and the proofs do not remotely suggest such relation. It would unduly burden this opinion to recite the facts negativing such partnership relation and there are none to support it. Suffice it to say that we have carefully examined the record on appeal and agree with the contention of the parties on appeal. Since their rights are hinged on the existence of such partnership, the error complained of permeates the decree.
The exclusionary provisions of the Dead Man's Statute, F.S. § 90.05 F.S.A., precludes one who will benefit from the litigation from testifying about transactions with deceased persons where the litigation is "against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor" of such deceased person. Appellee insists that appellant is not entitled to the benefit of the statute because her interest as widow of Reed Coleman is in her individual or personal capacity rather than in either of the capacities recognized by the above quoted categories. The three cases which we will now discuss, neither of which involved the rights of a widow, are cited in support of this contention.
Helms v. First National Bank of Tampa, 158 Fla. 168, 28 So.2d 262, is distinguishable in that it simply holds that the beneficiary of a life insurance policy does not fall within the classifications listed in the statute. Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792, simply holds that a tenant by the entireties is not a survivor within the meaning of the statute.
In McDougald v. Couey, 150 Fla. 748, 9 So.2d 187, 188, the defendant owner of an automobile sought advantage of the Dead Man's Statute to preclude the plaintiff from testifying to a transaction he had with the person who was the driver of the automobile at the time of an accident resulting in an injury for which plaintiff sought recovery *85 from the owner only. The driver, to whom the defendant owner had entrusted the automobile, was killed in the accident. In rejecting the contention of the defendant automobile owner that he was a "survivor" within the meaning of the statute, the Florida Supreme Court said:
"It is plain from a study of the entire statute that the exception in it was designed to protect the interests of persons deceased or incompetent * * * and that it is only appropriate to suits against parties in their representative capacities * * *. Even cursory examination of the pleadings in this case discloses that the suit is not one in which the estate of a deceased person is involved and that the defendant is not a party in any representative capacity. The claim, if any, exists against him individually for damages caused by the improper operation of an automobile by one in whose custody he had placed it." (Emphasis supplied.)
Appellee insists that the above quoted language from that case controls the case on appeal, but we are unable to agree.
The facts in the McDougald case, as well as the applicable law, are clearly distinguishable. To hold that the widow, vested by law with the statutory right of dower is in a less favorable position than an "heir at law," however remote, "next of kin, assignee, legatee, [or] devisee," and to refuse to categorize her as a "survivor" of her deceased husband, is to ignore the emphasized portion of the quotation from the McDougald case and give credence only to the remainder of the quotation, as well as to make a mockery of the legislative intent. Paraphrasing the emphasized part of the quotation, we say the widow's dower rights are protected under the statute as being in the interest of the deceased husband so to do. As said in Harris v. Bank of Jacksonville, 22 Fla. 501, 1 So. 140, 143:
"To the living party to the transaction it [the statute] prescribes perpetual silence as against the representatives of the dead, and his assignee or others claiming under him * * *." (Emphasis supplied.)
Accordingly, we hold that a widow, in the assertion of her dower rights, is a survivor within the purview of the statute. It follows that the Chancellor correctly excluded the proffered testimony of the appellee as to transactions she had with appellant's deceased husband.
In approaching the question as to whether the court of equity had jurisdiction to assign dower in this case, it is to be borne in mind that the Chancellor's findings negative the trusts which the parties respectively sought to establish. The appellee has challenged the findings in this behalf, but on this subject, as distinguished from his findings concerning the existence of a partnership, the evidence is conflicting and it is elemental that under such circumstances the Chancellor's conclusions will not be disturbed on appeal. It follows that at the end of all of the testimony the factual situation before the Chancellor was such that, assuming the court of equity had jurisdiction to enter any decree granting relief under the pleadings, it was confined to the assignment of dower in the subject property. We are called on to determine, therefore, whether a court of equity has power to assign dower independent of any other relief and, as a corollary to that question, whether in the absence of pleadings seeking partition as an incident to the assignment of dower, it may be ordered by the decree.
The secondary question in the foregoing paragraph must be answered in the negative. The pleadings are devoid of any prayer for relief by way of a partition of such undivided interests, if any, as the parties might have been adjudged to have in the subject property, and there is no compulsion on joint owners of real property to have a partition of their interests.
It is elemental that by virtue of process issued and served, the Court of *86 Record of Escambia County, which with certain exceptions not involved by this appeal has concurrent jurisdiction with Circuit Courts, acquired jurisdiction over the parties to and the property forming the subject matter of the cause; but it does not follow that the complaint stated a cause of action cognizable in equity or, assuming it did so, that the proofs established a right to some type of relief that is available only in a court of equity  the necessary predicate to jurisdiction to enter a decree in equity. The distinction is important. It is true that if any relief of an equitable character is grantable, a court of equity may proceed to grant full relief, including such as would otherwise be available only in a court of law. It is equally true that absent such equitable relief, actions at law and statutory proceedings must be litigated in the court of law or where designated by the statute.
Courts of equity formerly exercised concurrent jurisdiction with County Judge's Courts to assign dower. If such jurisdiction no longer exists, it would be erroneous for equity to act in those instances where, per argumenti, the pleadings charge facts that if established would entitle the pleader to relief in equity on some other ground, but where the proofs fail to establish a basis for such other relief in equity.
Whatever the situation might have been prior to the enactment of the Florida Probate Law (1933), it appears that under F.S. §§ 733.11-14, F.S.A. jurisdiction to assign dower is now vested exclusively in the County Judge's Courts. The statutes not only provide a full and complete procedure to be followed in that court by the personal representative of the estate of the husband, but also provide for an independent or extraordinary proceeding by the widow in the County Judge's Court of any county or counties where any lands lie which a husband had before conveyed, whereof she had not relinquished her right of dower as provided by law. The statutes also provide, where either party demands it within the time prescribed, for trial by jury on the question of the dower to be assigned.
In re Lawrence's Estate, Fla., 45 So.2d 344, is distinguishable from the case on appeal in that it involved a claim to dower in property owned by a third party, title to which had never been vested in the husband. This case clearly presented the initial question of dower rights in an alleged equitable interest of the husband under a trust, which subject is recognizable only in equity.
Section 7, Art. V, Const. of Fla., F.S.A. provides:
"The county judge's courts shall have jurisdiction of the settlement of the estate of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate."
This provision is paraphrased in F.S. § 732.01, F.S.A. and it is apparent that the legislative intent in enacting the Florida Probate Law (1933) and amendments thereto was to provide a ready and efficient summary proceeding in the County Judge's Court for the assignment of dower and to divest the Circuit Courts of that jurisdiction. The subsequent trend of the statutory and case law has leaned toward making litigation for the settlement of decedents' estates the exclusive province of the County Judge's Courts.
Applying the rule "expressio unius est exclusio alterius" to the legislative expression, we hold that County Judge's Courts have primary jurisdiction to assign dower, and that the equity courts are without jurisdiction to assign dower except as an incident to the granting of full relief in a suit cognizable in equity.
Appellee moved to dismiss the complaint on the ground that it failed to state a cause of action cognizable in equity and assigns *87 error to its denial. It is not contested that appellant's foot in the door of equity was placed there, if at all, by those allegations of the complaint charging the existence of a constructive trust in her favor. Appellee's position is not without merit but in view of our other conclusions this and the remaining assignments of error do not require discussion.
The decree appealed from is reversed and the cause remanded with directions to enter an order of dismissal without prejudice to appellant to seasonably apply for an order transferring the cause to the County Judge's Court of Escambia County for the making up of an issue on the question of the assignment of dower to the appellant, and also without prejudice to appellant to directly proceed in the County Judge's Court for such relief.
CARROLL, DONALD J., and JONES, EDWIN L., Associate Judge, concur.
NOTES
[1] While the personal and private relationship between the sojourning husband and his landlady or hostess, the appellee, was not pin-pointed by the proofs, the conclusion is inescapable that there was an unusual "cousinship" in their affinity. It will be seen, however, that the points on appeal do not involve whatever abortive relation these persons enjoyed or suffered.
[2] The transactions in question concerned the alleged delivery by Flora Davis, the appellee, to Reed Coleman, appellant's husband, of the entire purchase money for the subject property and their understanding in that regard.