McCORD, Circuit Judge.
Petitioner, the claimant below, is the widow of the deceased employee of respondent lumber company. Prior to his death on January 16, 1959, the deceased had worked for respondent for approximately fourteen years. Prior to 1952, deceased had worked as a laborer, but during that year he suffered a heart attack (a severe coronary occlusion followed by cardial infarction) and was away from his employment for approximately six months as a result thereof. When he returned to work for respondent he was given light duties to perform, his job consisting of checking the amounts of materials loaded onto trucks. There is evidence that he was instructed by the vice president of respondent company not to engage in any manual tasks. A co-worker testified that he did occasionally assist other workers with manual tasks. Also, the doctor who treated him for the 1952 heart attack and continued treating him subsequent thereto testified that decedent had chest pains whenever he overexerted; that he had a bad heart and had been repeatedly told not to overexert.
Sometime prior to the decedent’s death, the respondent lumber company purchased some property on which were located some orange trees. The property was to be used for the purpose of expanding the lumber yard, therefore, it was necessary to remove the orange trees. Some of re *866 spondent’y employees were used in clearing the land when they were not occupied with other duties. There is evidence, however, that the decedent was specifically instructed not to engage in this work. The decedent asked his supervisor, the vice president of respondent company, if he could have one of the orange trees and was told that he could, but that the other employees would move it for him. The decedent, however, apparently without the knowledge of his employer, proceeded to trim the limbs off the tree and, while doing so, suffered the heart attack which caused his death. At the hearing, petitioner’s attorney objected to testimony of the vice president of respondent as to conversations had by him with decedent relative to decedent’s duties and as to the orange tree, on the ground that such was not admissible by virtue of § 90.05, Florida Statutes (the “Dead Man’s Statute”), F.S.A.
Petitioner filed claim for widow’s death benefits which was controverted on the ground that the injury or death was not the result of the employment, did not arise out of the course of the employment, and was a result of the physical condition of decedent and not related to the employment. Hearing was held on the claim before Deputy Commissioner Edward H. Hurt on January 13, 1960, at which time petitioner’s evidence was presented in full, but no further evidence was then taken. Another hearing scheduled for March 1, 1960, by the deputy commissioner was subsequently cancelled by him. Thereafter, a hearing was scheduled for May 17, 1960. Prior to that date, however, Deputy Commissioner Hurt resigned and was replaced by Deputy Commissioner Stewart Gilman. At the May 17 hearing respondent’s witnesses were not present, and petitioner agreed that their depositions could be taken at some convenient time. The deputy commissioner ordered that depositions of all witnesses be filed within fifteen days and, apparently, the depositions were filed within such period. Before rendering an order, Deputy Commissioner Gilman resigned and was succeeded by Deputy Commissioner John D. Haines. On March 22, 1961, Deputy Commissioner Haines held final hearing, at which no new testimony was taken, but the parties stipulated that Deputy Commissioner Haines make a determination and order based upon the record made before the previous deputy commissioners. Deputy Commissioner Haines’ order was entered thereon March 31, 1961.
The deputy commissioner, by his order, denied the claim. He found that the work of sawing a limb by the decedent was outside the scope of his employment and that, in view of such finding, it was not necessary to determine whether or not there was an accident or whether or not the work aggravated or accelerated a preexisting condition to be compensable.
Upon review, the full Commission affirmed the order of the deputy commissioner, and petition for certiorari was filed in this Court.
Several questions have been raised by petitioner. The first we will consider is petitioner’s contention that the deputy commissioner erred in granting an extension of time beyond the ninety-day period provided by Rule 3(a), Rules of Procedure of the Florida Industrial Commission in Workmen’s Compensation Cases, when no verified petition for extension was filed. We find there was no error here. Petitioner waived any objection she might have had by her stipulation at the May 17 hearing that the depositions of respondent be admitted in evidence.
Petitioner, as aforesaid, also questions the admission in evidence of testimony by the decedent’s employer as to instructions given to decedent regarding the work he was to do and as to conversations with decedent relative to the gift to him of the orange tree. There are differences of opinion in other jurisdictions *867 as to the applicability of dead man’s statutes in workmen’s compensation cases. In 97 C.J.S. Witnesses § 140, we find the following statement:
“The diversity of opinion as to the applicability of the various statutory provisions as to disqualification in actions for wrongful death generally is reflected in the decisions as to their applicability when proceedings are brought under workmen’s compensation acts, some of the decisions holding the statutory rule of incompetency to apply, and others holding it not to apply, in such situations.”
In Helms v. First National Bank, 158 Fla. 168, 28 So.2d 262 (cited by the deputy commissioner in his order), this Court held that the Dead Man’s Statute, § 90.05, Florida Statutes, did not apply in a suit by an administratrix suing as beneficiary under an insurance policy upon decedent’s life since the claim of the administratrix was not upon any right which vested in the decedent at the time of his death, but upon a right alleged to be vested in the administratrix by having been designated as beneficiary under the policy upon the occurrence of the death of the insured. In the case at bar, as in the Helms case, the claim of the surviving widow was not upon any right which vested in the decedent at the time of his death. It was upon a right which allegedly vested in the widow by virtue of the Workmen’s Compensation Act. Coupled with the provision of § 440.29, Florida Statutes, F.S.A., that the Commission shall not be bound by technical or formal rules of procedure but may conduct the hearing in such manner as to best ascertain the rights of the parties, this leads us to the conclusion that the Dead Man’s Statute should not be applied to workmen’s compensation cases. We do not here rule upon the admissibility of the questioned testimony on other grounds, as the objection was based only upon the Dead Man’s Statute. See Atlantic Coast Line Railroad Company v. Shouse, 83 Fla. 156, 91 So. 90.
We next consider the deputy’s finding that “the work of sawing a limb by the decedent was outside the scope of his employment.” All of the evidence points to the conclusion that, if anything can be said to have precipitated the heart attack from which decedent died, it was his pruning of the orange tree which his employer had given to him. Dr. C. G. Butt, under whose direction an autopsy was performed, testified that in a case such as this when there is already great damage to the heart, an attack of the kind which caused decedent’s death is much more likely to occur and much more likely to occur with little provocation.
Dr. W. Dean Stoddard, who had treated decedent for his previous heart condition, testified as follows relative to the attack which killed decedent:
“I cannot give much of an opinion from the standpoint of whether or not it was over-exertion. There is no doubt that over-exertion has killed people who have had heart attacks. On the other hand some of them do amazing things and get by with them. Here’s a man whom we know had a bad heart and he had been repeatedly told to avoid over-exertion.”
Section 440.09, Florida Statutes, F.S.A., provides, in part, as follows:
“Compensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment.”
Although the previously quoted finding of the deputy does not track the specific 'words of the statute, it obviously is, in substance, a finding that the work being performed by decedent at the time of his *868 death did not arise out of and in the course of his employment. As heretofore stated, there was evidence that decedent had been repeatedly told not to overexert by the doctor who treated him for his previous heart condition; that he had been told by his employer not to engage in any manual tasks and had been specifically instructed by his employer not to engage in work on the orange trees — that other employees would move his tree for him. In spite of this, decedent took it upon himself to prune the tree. This evidence clearly indicates that decedent had embarked upon a purely personal mission in violation of his doctors’ instructions and the instructions of his employer. There is no evidence to the contrary. It is apparent that the sole purpose of his work in pruning the tree was benefit to himself and not to Iris employer. Such distinguishes this case from Cook, et al. v. Highway Casualty Company, et al. Fla., 82 So.2d 679, cited by petitioner. Although ' decedent’s employer may have received some vague or minute benefit from his work (there is evidence that the limbs were cut off the other trees before moving them), the sole purpose of such work was benefit to himself. In the Cook case the evidence showed a dual purpose; here, it shows only the single purpose.
The work here in question did not arise out of and in the course of decedent’s employment and, therefore, there was no accident or aggravation of a pre-existing condition which arose out of and in the course of decedent’s employment. The findings made by the deputy commissioner are supported by competent, substantial evidence. The petition for writ of certiorari is, therefore, denied.
It is so ordered.
THOMAS, Acting Chief Justice, DREW and THORNAL, JJ.,. and MASON, Circuit Judge, concur.