RAWLS, Judge.
The plaintiff, Martha Quinn, filed a complaint in the Circuit Court of Gulf County, alleging therein that defendants claim title to certain described real property under conveyances from her deceased husband, Charley H. Quinn; that she did not join in any of such conveyances, had never released her right of dower in said property, and prayed that the court determine her rights and quiet her title of a one-third undivided interest against the defendants. By amendment to complaint, the plaintiff alleged that the estate of Charley H. Quinn is insolvent and prayed for an accounting by defendants as to rents and profits.
The chancellor granted defendant’s motion to dismiss and dismissed the complaint. The sole question raised on appeal was whether the complaint stated a cause of action over which a court of equity has jurisdiction, and if not, should not the chancellor have transferred the cause to the proper court rather than dismiss same.
The gist of plaintiff’s cwnplaint is to ask the court of equity to assign her dower, and after the assignment of dower has been accomplished, to grant other equitable relief. In other words, the primary subject matter of plaintiff’s suit is the assignment of dower, with the equitable relief sought being incidental thereto.
*348 Jurisdiction for assignment of dower is vested in the county judge’s court.[1] As stated in Coleman v. Davis [2] on page 86:
“ * * * [I]t is apparent that the legislative intent in enacting the Florida Probate Law (1933) and amendments thereto was to provide a ready and efficient summary proceeding in the County Judge’s Court for the assignment of dower and to divest the Circuit Courts of that jurisdiction. The subsequent trend of the statutory and case law has leaned toward making litigation for the settlement of decedents’ estates the exclusive province of the County Judge’s Courts.”
Plaintiff submits that there is no question of her being entitled to dower; therefore, we are not concerned with an equitable proceeding to ascertain her status for claiming dower as was the situation in Martz v. Riskamm.[3] To hold as plaintiff urges, the County Judge’s Court could be deprived of its jurisdiction for the allocation of dower by the widow in each instance solely through the device of asking for supplemental equitable relief such as “quieting her title” in her undivided interest. This we find not to be the intent of the legislature.
We, therefore, hold that where the principal subject matter of a complaint is the allocation of dower and the equitable relief is incidental thereto, the County Judge’s Court has exclusive jurisdiction.
Plaintiff’s next contention is that the chancellor erred by not transferring the cause to the County Judge’s Court pursuant to Rule 1.39(b), 30 F.S.A., rather than by dismissing the suit. We agree. In fairness to the chancellor, we find nothing' in the. instant record reflecting that said rule was brought to the chancellor’s attention by plaintiff. In disposing of this point and for the guidance of the chancellor we paraphrase from Coleman v. Davis, supra, in holding:
This cause is remanded with directions to' enter an order of dismissal without prejudice to appellant to seasonably apply for an order transferring the cause to the County Judge’s Court of Gulf County for the making up of an issue on the question of the assignment of dower to the appellant, and also without prejudice to appellant to directly proceed in the County Judge’s. Court for such relief.
CARROLL, DONALD K., C. J., and STURGIS, J., concur.

. F.S. §§ 733.11-733.14, F.S.A.

. Coleman v. Davis, 106 So.2d 81, 86 (Fla.App.1st, 1958).

. Martz v. Riskamm, 144 So.2d 83 (Fla.App.1st, 1962).