## PENINSULAR LIFE INS. CO. v. COLLIER.
No. 63-C-13888.

Circuit Court, Dade County.

March 19, 1964.

Talbot D'Alemberte of Scott, McCarthy, Preston & Steel, Miami, for plaintiff.

Kelner & Lewis, Miami, for defendant.

HAROLD R. VANN, Circuit Judge.

*Summary final decree:* This cause having come on for hearing on the plaintiff's motion for summary decree and, after notice to all parties, the court having heard argument and reviewed the pleadings, affidavits, and admissions on file herein, it appearing to the court that there is no genuine issue as to any material fact and that the plaintiff is entitled to a decree as a matter of law, the court finds —

The contract for insurance which is the subject matter of this suit is policy number 3925288 issued by the plaintiff, Peninsular Life Insurance Company, to cover the life of Dennis Peak. The beneficiary of this policy is the defendant, Sally Collier.

The policy applied for and for which payment was made was in the face amount of $250, but through a clerical error the policy was issued for a face amount of $2,500. There was no authority to issue a policy of this type in a greater face amount than $250.

This clerical error was not brought to the attention of the company until after the insured's death and then the company acted promptly to correct the error.

The policy amount paid for is $250 and the premium of $.94 a week is a reasonable rate for such a policy. That amount of premium would not support a policy in the face amount of $2,500.

The defendant does not contend that there is any issue of fact in this case but argues that the affidavits are insufficient under the "Dead Man's Statute", Florida Statute 90.05. There is direct Florida law to the contrary of this argument, Helms v. First National Bank of Tampa, 158 Fla. 168, 28 So.2d 262 (1946); Brawner v. Royal Indemnity Co., 246 Fed. 637 (5th Cir. 1917). The court must therefore deny the motion to strike the affidavits and consider the conclusive evidence adduced by the plaintiff.

It is therefore ordered, adjudged and decreed as follows — (1) The insurance policy is reformed to correct the scrivener's error as to the face amount and where the policy reads $2,500 it shall henceforth read $250. (2) The defendant Sally Collier is perpetually enjoined from maintaining any action on this policy. (3) The plaintiff, Peninsular Life Insurance Company, having paid $250 to Sally Collier, is released from further liability on the policy.