DREW, Chief Justice
(concurring in judgment only) :
I agree that this case need not be remanded to the deputy, because, in my opinion, the record establishes conclusively a lack of substantial compliance with the cited rule. I cannot agree, however, that the opinion (page 515) expresses a rule on the “mandatory” nature of this rule that is consistent with prior constructions by this Court and the Commission itself. The statement is made:
*516 “The 90-day provision is mandatory in the sense that once that period has run, absent application upon good cause shown for extension, the cause must be determined by the deputy on the evidence which has been submitted.”
Even though the 90-day period has lapsed without such application, extensions may be granted if the time requirements of the rule are waived either expressly or by “a state of facts upon which the determination of the presence of a waiver could be made.” Black v. Blue Ribbon Laundry, Fla., 161 So.2d 532, opinion (Thornal, J.) ; Heath v. Thomas Lbr. Co., Fla. 1962, 140 So.2d 865, 866. The Commission has also reversed a sua sponte determination by a deputy that failed to apply for extension within the time prescribed by Rule 3 required dismissal. Munsinger v. Edge, 1 F.C.R. 103.
I see no distinction between the language of the 90-day provision of Rule 3 and that in Rule 6(a), Schneider v. Gustafson Industries, 139 So.2d 423, but would conclude that both provisions, being non-jurisdictional, require substantial rather than absolute compliance and are subject to waiver, express or implied.
As first above stated, however, there are in this case no reasonable grounds upon which the motion to dismiss can be denied under the Rule. I would, accordingly, agree to remand with directions requiring the entry of an order that the motion be granted.