HENDRY, Judge
(concurring in part and dissenting in part).
I concur in that part of the majority opinion holding that it was error for the trial judge to exclude the testimony of the plaintiff.
Defendant denied that plaintiff was the lawful wife of the decedent. Upon trial of the cause before a jury, plaintiff was denied the right to testify as to a common-law marriage with the decedent on the ground that the defendant was entitled to the protection of the “Dead Man’s Statute” § 90.05 Fla.Stat., F.S.A.[1] Plaintiff thereupon proffered all testimony she had in support of her common-law marriage with the defendant
The plaintiff should have been allowed to give her testimony in support of her alleged common-law marriage to the decedent. This was an action by one claiming to be the widow of the decedent against the tort feasor, and as our Supreme Court said in Helms v. First National Bank of Tampa, 158 Fla. 168, 28 So.2d 262, 263 (1947):
“The prohibition contained in Sec. 90.05, supra, only applies in suits or actions where the claim is against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivors of the deceased person and, therefore, only applies to cases where the rights of the deceased at the time of his death are involved.”
In view of the error of the trial judge in denying plaintiff’s proffered testimony I would reverse and remand the cause for further proceedings.

. “90.05 Witnesses; as affected by interest.—
“No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of Ms interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence.”