492 So.2d 416 (1986)
Elaine HUBERMAN, Appellant,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 85-2073.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
Rehearing and Certification of Question Denied September 2, 1986.
Marcia E. Levine, of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellant.
Robert M. Curtis, of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellee.
GUNTHER, Judge.
Appellant appeals an order dismissing her complaint with prejudice for failure to state a cause of action. We reverse.
The issue is whether or not an insurer has a duty to an applicant for a policy of life insurance to either accept or reject said application within a reasonable length of time after receiving the application, accepting the initial payment, and advising the applicant that he is an acceptable risk. We agree with the appellant that there is such a duty owed to the applicant or to his or her personal representative.
In the instant case, the appellant's complaint contains the following allegations, among others:
That on or about March 27, 198[4], in Tamarac, Broward County, Florida, the Defendant, by and through its agent or representative, Merlie S. Winnick, solicited and received an application for a policy of life insurance from the Plaintiff and the decedent. Elaine Huberman was the applicant for the policy of life insurance, and Morton Huberman was the proposed insured. The amount of life insurance applied for was Five Hundred Thousand ($500,000.00) Dollars.
That Mr. and Mrs. Huberman paid a premium with the application for insurance and did all other things required of them before issuance of the insurance policy, to wit: Mr. Huberman underwent an electrocardiogram on 04/02/84, which was within normal limits, and he was examined, at his place of business, by a *417 representative of the Defendant on 04/06/84, who advised Mr. and Mrs. Huberman that Mr. Huberman's blood pressure readings were a little high but were acceptable, and that the other results of the medical examination were acceptable.
That the blood pressure readings and other results of the medical examination and EKG were, in fact, acceptable according to the underwriting guidelines of the Defendant.
That the Defendant owed a duty to Morton Huberman and Elaine Huberman to take prompt action on the application for life insurance and to give Mr. and Mrs. Huberman prompt notice of its action.
That Defendant breached its duty to take prompt action in that it negligently failed to issue the policy of life insurance within a reasonable time, i.e., prior to May 1, 1984.
That in reliance upon the representation of Defendant's representative, that Mr. Huberman's medical condition was acceptable, Mr. and Mrs. Huberman refrained from obtaining other life insurance elsewhere on the life of Mr. Huberman.
On May 1, 1984, Mr. Huberman died. At the time of his death, the appellee had neither accepted nor rejected the application for a life insurance policy.
Mrs. Huberman has sued the appellee seeking damages in the amount of the requested insurance coverage alleging that the appellee negligently failed to take prompt action in issuing the life insurance policy. The trial court dismissed with prejudice the appellant's action for failure to state a cause of action.
In Rosin v. Peninsular Life Insurance Company, 116 So.2d 798 (Fla.2d DCA 1960), the court discussed the issue in the present case but declined to specifically rule on whether or not an insurer had a duty to an applicant for a policy of life insurance to either accept or reject the application within a reasonable length of time. The court in Rosin stated that it was not required to resolve the issue because the court had found from the precise facts in the record that an unreasonable delay would not be legally supportable since only four days had elapsed between the insurance company's receiving the physical examination reports and the applicant's death. The court found as a matter of law that the facts alleged in the complaint did not establish an unreasonable delay and it affirmed the judgment for the insurer. Nevertheless, the court discussed at great length whether in certain circumstances a legal duty arises from the relationship created during negotiations between an applicant for insurance and the insurance company to act promptly upon the application, and to inform the applicant whether the offer is accepted or rejected. In the opinion, the Rosin court cited with approval Duffie v. Bankers' Life Ass'n, 160 Iowa 19, 139 N.W. 1087 (1913), and stated that the Supreme Court of Iowa had written a well-reasoned opinion holding that an insurer has a duty to act promptly in accepting or rejecting an application for life insurance.
We recognize a split of authority among jurisdictions as to whether an insurer can be liable for damages when the applicant dies before the insurer completes its processing of the application. Where recovery is allowed, it is on the basis of unreasonable delay in acting upon the application:
The more liberal view, and probably the better rule, is to the effect that an insurance company obtaining an application for insurance is under a duty to accept it or to reject it within a reasonable time, and is liable if it delays unreasonably in acting thereon. It must also act with reasonable promptness in delivering a policy. And even though it appears that the insurer may have rejected the application, if it delays unduly in notifying the applicant of such rejection, it may be held liable as if it had accepted the risk.
12A Appleman, Insurance Law and Practice § 21, at 117-19 (1981).
While the Rosin court did not specifically state whether or not Florida would recognize a cause of action for negligent delay in acting upon an application for life insurance, *418 it is evident from its approval of Duffie, and from its holding as to who is the proper party to bring such an action, that it would recognize such a cause of action if the facts alleged in a complaint created a question of whether or not the delay was unreasonable.
We hold that the complaint states a cause of action because the insurer has a duty to an applicant for a policy of life insurance to either accept or reject the application within a reasonable length of time after receiving the application, accepting the initial premium, and advising the applicant that he is an acceptable risk. We do not express an opinion as to whether or not the facts of the delay alleged in this case constitute an unreasonable delay.
We, therefore, reverse the trial court's order dismissing the complaint with prejudice and remand for further proceedings.
LETTS and WALDEN, JJ., concur.