499 So.2d 903 (1986)
Karen G. PALMER, As Personal Representative of the Estate of John R. Palmer, Deceased, Appellant,
v.
LIBERTY NATIONAL LIFE INSURANCE COMPANY, Appellee.
No. BK-16.
District Court of Appeal of Florida, First District.
December 22, 1986.
Edwin Walborsky of Kinsey, Troxel, Johnson & Walborsky, Pensacola, for appellant.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
MILLS, Judge.
Karen Palmer appeals an order of the trial court granting final summary judgment in favor of Liberty National Life Insurance Company in her suit against it for negligence. We affirm.
In September 1982, after her husband's death in an automobile accident, Mrs. Palmer attempted to collect the proceeds of a term life insurance policy allegedly issued Mr. Palmer by Liberty National. Liberty National subsequently notified her that no *904 policy had ever been issued based on Mr. Palmer's request before his death that the application therefor, although completed and the first month's premium paid, not be submitted. Mrs. Palmer thereupon filed a complaint against Liberty National, the pertinent portion of which alleged negligence in the failure either to deliver the policy within a reasonable time or to notify Mr. Palmer that the application had been rejected and thereupon refund his premium.
Liberty National answered the complaint, denying any negligence, and at the same time filed a motion for summary judgment alleging the absence of any material fact in that Mr. Palmer had never submitted an application for insurance. The motion was accompanied by an affidavit from Rollins, the agent who had worked with Mr. Palmer, averring that he had instructed Rollins not to submit the application and to apply the premium to premiums on certain other policies as they came due. While Rollins was still employed by Liberty National at the time of this affidavit, he was not so employed at the time of a later deposition, taken by Mrs. Palmer prior to the court's ruling on the motion, in which he testified identically to the previous affidavit.
Mrs. Palmer opposed the motion with a memorandum alleging that the portion of Rollins' affidavit swearing to Mr. Palmer's instructions to him regarding submission of the policy application were barred by the "Dead Man's Statute," thus creating an issue of material fact as to Rollins' negligence in failing to submit the policy to Liberty National. The motion was denied, but an identical motion was filed some months later by substituted counsel, alleging as before that Palmer did not submit an application for insurance during his lifetime.
At the hearing on the second motion, the trial judge made it clear that he had intended to grant the first motion for summary judgment but that "somehow or other, the word `denied' was inserted in the wrong place." Mrs. Palmer's counsel conceded that state of affairs, and acknowledged that the facts of the case were undisputed. He argued, however, that because Mr. Palmer had filled out the application and paid a premium thereon, Rollins' averrance that he then told him not to submit that application was "unbelievable," creating a question of fact as to whether Rollins was actually told to withhold the application. The trial court rejected that argument and granted summary judgment in Liberty National's favor.
If evidence presented to the trial judge as a part of his consideration of a motion for summary judgment is incompetent and would be inadmissible during trial, that evidence should not be considered in ruling on the motion. Pollock v. Kelly, 125 So.2d 109, 112 (Fla. 1st DCA 1960). Section 90.602, Florida Statutes, provides that "[n]o person interested in an action or proceeding against the [estate] of a deceased person ... shall be examined as a witness regarding any oral communication between the interested person and the person who is deceased ... at the time of the examination." Mrs. Palmer contends that Rollins' testimony should have been disqualified under this provision, in that Rollins was Liberty National's agent and a stockholder in the company.
A witness's disability to testify is determined at the time of the testimony. McMullen v. St. Lucie County Bank, 175 So. 721, 723 (Fla. 1937). At the time of the affidavit herein, Rollins was both an agent for and a stockholder in Liberty National. Agency status, without more, does not operate to create a disqualifying interest under the statute. Allstate Insurance Co. v. Doody, 193 So.2d 687 (Fla. 3d DCA 1967); Proprietors Insurance Co. v. Valsecchi, 435 So.2d 290 (Fla. 3d DCA 1983). While Rollins' stockholder status might have created such an interest at the time of the affidavit, at the time of the identical deposition testimony, he no longer held Liberty National stock. In the absence of evidence that the stock divestiture was fraudulent or for purposes of collusion, the fact that a witness at one time owned stock does not *905 create a disqualifying interest under the statute. McMullen at 723.
Mrs. Palmer next contends that, even should Rollins testimony be competent, the other circumstances surrounding the policy application create an issue as to the truthfulness of that testimony. See Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985) (even where the facts are undisputed, if there are conflicting inferences that may be drawn from those facts, the case should be submitted to the trier of fact for determination).
Here, the undisputed facts show that Mr. Palmer filled out an application for term insurance and paid the first premium thereon. However, he asked Rollins to delay submitting the application in that he was considering a policy with another company. After Rollins contacted him several time regarding the disposition of the application, Mr. Palmer told him not to send it in and to apply its premium to other policy premiums as they came due.
We find that the only inference which can reasonably be drawn from these facts is that Mr. Palmer withdrew his application for insurance before it was submitted to Liberty National for consideration. While the movant for summary judgment in a negligence case has the heavy burden of showing unequivocally that there was no negligence, it is our view that, given the absence of an application, Rollins had no duty to submit it to the company nor the company a duty to accept or reject it within a reasonable time. See Huberman v. John Hancock Mutual Life Insurance Co., 492 So.2d 416 (Fla. 4th DCA 1986).
Affirmed.
SHIVERS, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
Although I agree with the majority conclusion that section 90.602, Florida Statutes, does not apply to exclude the contested evidence, I would not consider the affiant's termination of employment or stock divestiture to be crucial factors on this issue. Section 90.602 should in my opinion be construed as inapplicable because this case does not involve "an action or proceeding against the personal representative, heir-at-law, assignee, legatee, devisee, or survivor of a deceased person" as the statute requires. The action was, instead, instituted against an insurer by the beneficiary of an alleged intended policy of insurance. The Florida Supreme Court has indicated that in this situation section 90.602 is inapplicable. See Helms v. First National Bank of Tampa, 28 So.2d 262 (Fla. 1947).
Despite inapplicability of section 90.602, I think the entry of summary judgment was improper. The total circumstances, including the deceased's submission of the completed application and payment of the initial insurance premium, raise an inference sufficient to present a factual issue. While the affiant's explanation was properly received by the court, the weight and credibility of such evidence should have been determined by the trier-of-fact.
Because there appears to me to be a disputed issue of material fact, I would conclude that the entry of summary judgment was error and reverse the order appealed.