Allison TRIEF, Plaintiff,

v.

**AMERICAN GENERAL LIFE INSURANCE COMPANY,**
Defendant.

**No. 06–60378 CIV UNGARO.**

United States District Court,
S.D. Florida.

Aug. 3, 2006.

Eric Stettin, Kuvin & Stettin, Ft. Lauderdale, FL, for Plaintiff.

Gary J. Guzzi and Mark S. Shapiro, Akerman Senterfitt, Miami, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR STAY

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court on the following motions:

(1) Plaintiff's Motion for Partial Summary Judgment filed May 9, 2006. Defendant filed its response on June 5, 2006 to which Plaintiff replied on June 13, 2006;

(2) Defendant's Motion for Stay, filed June 5, 2006. Plaintiff filed its response on June 29, 2006 to which Defendant replied on July 10, 2006.

THE COURT has considered the motions and the pertinent portions of the record and being otherwise fully advised in the premises it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Partial Summary Judgment is denied. The issues presented by the motion are whether the Defendant has breached the policy because it did not pay the claim "upon" submission of "due proof of death" and/or has taken an unreasonable length of time to investigate and pay the claim. The policy provision which states due proof of the insured's death will consist *minimally* of the completed claim form and death certificate suggests to the undersigned that the parties contemplated that the insurer could request additional documentation for the purpose of evaluating the claim. The policy, however, is silent with respect to the length of time permitted for the insurer to complete its evaluation of the claim and there is no statute that expressly requires payment within a specified time period after submission of a claim.[1] In this situation, Florida law appears to allow the Defendant insurance company a reasonable time to evaluate a claim before denying coverage or paying the claim. *See, e.g., Nichols v. Preferred Nat'l Ins. Co.,* 704 So.2d 1371 (Fla.1997) (holding that a surety must be given a reasonable time to investigate and pay a claim); *Travelers Indem. Co. v. Parkman,* 300 So.2d 284 (Fla. 1st DCA 1974) (finding that insurance company that selects repair company for vehicle has a reasonable time in which to complete the repairs and have the vehicle returned to the insured); *Fortune Ins. Co. v. Everglades Diagnostics,* 721 So.2d 384 (Fla. 4th DCA 1998) (where statute was silent with respect to a deadline for demanding arbitration of PIP dispute, insurer had reasonable time in which to do

---

1. The undersigned rejects Plaintiff's argument that pursuant to Fla. Stat. 627.428(2) the Defendant breached the insurance contract by failing to pay the proceeds within 60 days of her submission of the death certificate and completed claim form. The statute merely would have precluded the Plaintiff, if the prevailing party in her breach of contract action, from recovering attorneys fees had she initiated suit less than 60 days after submission of the proof of claim.

so notwithstanding Fla. Stat. § 627.736 requiring payment of PIP benefits within 30 days of submission of claim). Also, under Florida law, whether the length of time that has elapsed in this case is unreasonable appears to be a question of fact that will have to be resolved by the jury. *See Huberman v. John Hancock Mut. Life. Ins. Co.*, 492 So.2d 416, 418 (Fla. 4th DCA 1986); *See also Rosin v. Peninsular Life Ins. Co.*, 116 So.2d 798, 803 (Fla. 2d DCA 1960) (stating that what constitutes a reasonable time for an insurer's action on an application for insurance is a question of fact for the jury to resolve).

2. The Motion For Stay is denied.